## N. HADDOCK v. JOHN L. TAYLOR.

No. 6335.

1. **Fraud—Misrepresentation as to Title.**—An action will lie for damages for fraudulent misrepresentations as to title to land made to induce the purchase thereof; the measure of damages being the purchase money, unless it be alleged and shown that the purpose on the part of the purchaser was to make improvements on the land and that he made such improvements, in which case it seems that the outlay made thereon can be recovered.

2. **Damages.**—The rule is, the vendor is responsible for all injuries which are the direct and natural result of the purchaser acting on the faith of his representations.

3. **Want of Jurisdiction.**—Case affirmed where upon exceptions the cause of action was reduced below the jurisdiction of the court and the case was dismissed for want of jurisdiction.

APPEAL from Coleman. Tried below before Hon. J. P. Hutchison, Special District Judge, appointed by the Governor.

This is an appeal from a judgment for the defendant Taylor in an action brought by Haddock for damages for fraudulently inducing defendant to buy a tract of land by falsely and fraudulently representing to defendant the facts necessary (in detail) to render the title good as school land purchased from the State subject to the payment of the deferred payments under the law. The defendant had bought of one Graves, and the deed (which was a quit claim) was made by Graves and wife to the plaintiff, he paying the agreed purchase money. The facts were that the purchase had been annulled for the non-payment of interest, etc., and the plaintiff took no title by his purchase.

Damages were asked, the purchase money, value of improvements, exemplary damages, and attorney fees for prosecuting the suit. Exceptions were sustained to all the items except the consideration, which was below the jurisdiction of the court, and the case was dismissed for the want of jurisdiction.

Further facts are given in the opinion.

*Sims & Snodgrass*, for appellant.—Plaintiff's petition shows a good cause of action against defendant and should not have been dismissed on a general exception or the special exception sustained. Acts 18th Leg., 1883, ch. 88, secs. 5, 10, pp. 85, 88.

False and fraudulent representations. Mitchell v. Zimmerman, 4 Texas, 75, and authorities there cited; Moreland v. Atchison, 19 Texas, 303.

Punitory damages.    Cole v. Tucker, 6 Texas, 266; Bracken v. Neill, 15 Texas, 109; Findley v. Mitchell, 50 Texas, 143.

No brief for appellee came to Reporter.

HENRY, ASSOCIATE JUSTICE.—Plaintiff instituted this suit to recover damages for misrepresentations made by defendant with regard to the title to a tract of land sold him by defendant.

The petition charges that certain facts upon which the title sold depended, alleged to exist by defendant, did not in fact exist, causing the failure of the title.

Plaintiff seeks to recover three hundred and seventy dollars, the consideration paid by him for the land; two hundred and fifty dollars, the value of permanent improvements placed by him on the land; two hundred dollars exemplary damages, and seventy-five dollars as attorney fee for prosecuting this suit.

The defendant pleaded to the jurisdiction of the court, and excepted to the claims for improvements, exemplary damages, and attorney fee. The court sustained the exceptions and dismissed the petition.

The petition discloses enough to show that the condition of the title was misrepresented to plaintiff in a manner calculated to deceive and influence him, and that relying upon the representations he purchased and paid for the property, improved it, and subsequently lost it by reason of the untruthfulness of the representations.

The deed to the property (a quit claim) was not made by the defendant, but by a third party at his request.

The petition does not state that the purchase was made with the purpose of improving the property by plaintiff or that his intention to do so was discussed or known to defendant at the time of the sale.

We think the petition discloses a good cause of action for the purchase money and interest, but not for the other damages claimed. The exceptions to the petition, properly sustained, reduced plaintiff's demand to a sum below the jurisdiction of the District Court, and his suit was properly dismissed.

In such cases as this the vendor is responsible for all injuries which are the direct and natural results of the purchaser acting on the faith of his representation.    Wood's Mayne on Dam., 272.

The case of Peyton v. Bailey, 3 Haywood, 141, was a sale of land to which the vendor had no title.    The purchaser placed improvements on the land, and sued for the return of the consideration paid by him and the value of the improvements.    It was held that his claim for expenses incurred in erecting the improvements could not be allowed because they were no part of the contract, and were made by the purchaser by his own choice in consequence of the bargain.    The court say:    "If we allow

damages upon the first consequence, then also upon the second, third, and thousandth."

The case of Moreland v. Atchison, 19 Texas, 312, arose upon a state of facts similar to this one, and the purchaser sued for the return of the purchase money and for damages; this court said the plaintiff had stated a case "which entitled him to recover back his property (paid for the land) or its value."

We do not think the plaintiff's petition shows a good cause of action for exemplary damages or attorney fees. The judgment is affirmed.

*Affirmed.*

Delivered June 4, 1889.