### D. S. HAMMOND v. LAMAR COUNTY.

Delivered January 22, 1898.

**1. Jurisdiction—Amount in Controversy.**

It is proper for the court to dismiss a suit where special exceptions have been sustained to the petition reducing the sum in controversy below its jurisdiction, and the plaintiff has failed to amend.

**2. Sheriff's Fees for Feeding Prisoners.**

A sheriff is only entitled to 30 cents a day for each of the entire number of prisoners, including the first four, if the entire number exceeds four, under Code of Criminal Procedure, article 1097, providing that for any number of prisoners not exceeding four he shall be paid for each prisoner, for each day, not exceeding 45 cents, and for any number of prisoners exceeding four, for each prisoner not exceeding 30 cents..

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAN.

*McQuistion & Patrick* and *A. P. Park* for appellant.

*T. W. Carlock,* for appellee.

FINLEY, CHIEF JUSTICE.—This suit was instituted by appellant to recover of Lamar County the sum of $587. The petition alleged that.

$54 of this sum is due him, as sheriff of Lamar County, for supporting prisoners in the county jail during the quarter ending April 30, 1896. That for the quarter ending October 31, 1896, the county is due him on same account the sum of $55.20, and for the quarter ending July 31, 1896, the sum of $49.85, aggregating the sum of $159.05. It is alleged that his accounts for these quarters for supporting a large number of prisoners were cut down by the commissioners court to the extent of the above items, the court only allowing him 30 cents per day for each prisoner, whereas, it is contended that he should have been allowed 45 cents per day for four prisoners, and 30 cents per day for each prisoner in excess of four. It is the additional 15 cents for the four prisoners, which makes up the items above specified. The balance of the claim sued for, amounting to $328.35, is for expenditures made by him as sheriff for blankets, mattresses, fuel, etc., used in the jail, and which he alleged were necessary to the reasonable comfort of the prisoners and constitute a legal charge against the county. The petition contained all the necessary allegations for such a suit.

The defendant excepted to the particular items representing a balance claimed to be due for the support of the prisoners, upon the ground that where there were more than four prisoners the sheriff was not entitled to 45 cents per day for each of four prisoners, and 30 cents per day for each prisoner in excess of four; but was only entitled to 30 cents per day for each of the entire number of prisoners. Defendant then excepted to the balance of the petition as not stating an amount within the jurisdiction of the district court. The court sustained the special exception to the items named, and also the demurrer to the jurisdiction of the court, and the plaintiff declining to amend, his suit was dismissed. From this judgment the plaintiff appeals.

If the special exception was properly sustained, the amount in controversy was thereby reduced to $328.35, an amount below the jurisdiction of the district court, and the plaintiff failing to amend, it was proper to dismiss the suit. Haddock v. Taylor, 74 Texas, 216.

The only question remaining to be decided is, was the sheriff entitled to 45 cents per day for each of four prisoners, when the number of prisoners exceeded four, or was he only entitled to 30 cents per day for each of the entire number of prisoners?

The statute to which we are referred by counsel on both sides, as controlling this question, is article 1097, Code of Criminal Procedure, Revised Statutes, which provides that, "For the safe keeping, support, and maintenance of prisoners confined in jail or under guard, the sheriff shall be allowed the following charges: 1. For any number of prisoners not exceeding four, he shall be paid for each prisoner, for each day, not exceeding 45 cents. 2. For any number of prisoners exceeding four, for each prisoner, for each day, not exceeding 30 cents."

It seems quite clear to us that the above statute does not confer upon sheriffs the legal right to demand of counties the payment of 45 cents for each prisoner, for each day, when the number of prisoners exceeds

four. The statute seems intended to limit the compensation which commissioners courts may allow sheriffs for the support of prisoners, and the limit is fixed at 45 cents per day, for each prisoner, when the number does not exceed four; and at 30 cents per day, for each prisoner, when there are more than four prisoners in the jail. The compensation for the support of prisoners, not exceeding four in number, is the subject of section 1 of the article, while section 2 deals with the question of compensation where the number of prisoners is in excess of four. The language is plain and little room is left for construction. The court properly sustained the exceptions.

The judgment is affirmed.

*Affirmed.*