### J. E. ROLLER v. A. ZUNDELOWITZ.

#### Decided April 4, 1903.

**1.—Limitations—Lease—Holding Ove:.—Implied Contract.**

Where a lease for three years provided that at its end the lessee should have the refusal of an extension at the current market rates, and at its expiration he held over for another period of three years on the same terms, a further holding over on the expiration of such second period was not under a written contract, but by virtue of an implied contract, and an action for rents accruing thereunder was subject to the statute of limitations of two years. Rev. Stats., art. 3354.

**2.—Jurisdiction—Amount—Exceptions—Dismissal.**

Where, by virtue of exceptions interposing limitations, plaintiff's claim for rent was reduced to an amount below the jurisdiction of the district court, wherein the suit was brought, it was proper for the court to enter a judgment dismissing the case.

Error from the District Court of Wichita. Tried below before Hon. A. H. Carrigan.

*L. H. Mathis,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—There is but one assignment of error in this case, and that complains of the judgment of the District Court in sustaining defendant in error's third special exception and in dismissing plaintiff in error's petition. The exception which the court sustained is as follows, to wit: "Third. For a third special exception to plaintiff's first amended original petition this defendant says that it affirmatively appears that the liability of this defendant for any rent of the building described in plaintiff's said petition after (before) the 1st of April, 1899, is barred by the two years statute of limitation, which this defendant here pleads in bar of any liability arising before the 1st day of April, 1899, and of this exception this defendant prays the judgment of the court."

The allegations of the petition so far as germane to the issue thus presented are as follows: "And the plaintiff, complaining of the defendant, avers that heretofore, to wit, on the 14th day of November, 1889, said plaintiff, by instrument in writing duly signed and executed by both plaintiff and defendant, leased to the defendant for the period of three years, to wit, from the 1st day of December, 1889, to and ending on the 30th day of November, 1892, the certain premises belonging to plaintiff, namely, the single story brick store on Seventh Street in the city of Wichita Falls, Texas, on lots known and described as 25 feet by 100 feet off of lots 8 and 9 in block 152, of said city; that in consideration of the use and occupancy of said property for said period of three years, the defendant, by said instrument in writing, bound and obligated himself to pay to the plaintiff the sum of $1260, to be paid in installments of $35 at the end of each and every month of said lease; that among other stipulations in said instrument of writing it was agreed 'that said Zundelowitz' should, at the end of said lease, have the

refusal of the extension of said lease at the current market rates at that time. Plaintiff says that the defendant duly entered into the occupancy of said premises under and by virtue of said lease, and held and used the same for and during the period of three years, to wit, until November 30, 1892.

"Plaintiff avers and charges the fact to be that after said last mentioned date, and after the expiration of the said three years' lease, the defendant, Zundelowitz, with the consent of the plaintiff, held over and continued to use and occupy said premises under and by virtue of the terms and conditions of said lease in writing, providing and stipulating for an extension of the same for another period of three years from the said 30th day of November, 1892, until the 30th of November, 1895, and upon the terms and conditions and for the price for use and occupancy of the same set out in the instrument in writing hereinafter described, to wit, at the price of $1260 for said three years.

"Plaintiff says that upon the expiration of said second term of three years, to wit, November 30, 1895, the defendant held over and continued to occupy said premises, with the consent of plaintiff, under and by virtue of said written lease, and at the price and upon the terms therein set out, to wit, ——, defendant continued to use and occupy said premises for the three years ending November 30, 1898; that after the expiration of said last mentioned term of three years, to wit, after the 30th of November, 1898, defendant, with consent of plaintiff, held over and continued the occupancy and use of said premises under the terms and conditions and for the price for said use and occupancy and by virtue of said instrument in writing, to wit, said written lease hereinbefore described, until to wit, April 1, 1899, when he surrendered, and plaintiff accepted the possession of said premises.

"That the current market rates of rental on said building from November 30, 1892, to April 1, 1899, was at least $35 per month.

"Plaintiff says, premises considered, the defendant held, occupied and used said premises for the six years and four months succeeding said 30th day of November, 1892, to wit, until April 1, 1899, holding same under and by virtue of said lease in writing, whereby the defendant, A. Zundelowitz, became indebted, and by said instrument in writing bound himself to pay to plaintiff the sum of $2660, which is at the rate of $35 per month, which said sum of $35 per month is and was the real market value of said property.

"Plaintiff says that of said sum the defendant has, at various times and in divers sums, paid the plaintiff the sum of $1910, leaving due this plaintiff the sum of $750, which said sum of $750 the defendant, though often requested, has wholly failed to pay and still refuses to pay or to pay any part thereof, to plaintiff's damage $1000."

If plaintiff in error's petition discloses an action "for debt where the indebtedness is not evidenced by a contract in writing," then the ruling of the court is right, otherwise it is wrong. Sayles' Ann. Civ. Stats., art. 3354.

In City of San Antonio v. French, 80 Texas, 575, 16 S. W. Rep., 440, our Supreme Court quotes with approval from a number of text writers and decisions to the effect that when a tenant holds over after the expiration of his term, the law will imply an agreement to hold for a year upon terms of the prior lease, and its own conclusions are that the tenant who holds over with the consent of his landlord is deemed to be in possession upon the terms of his prior lease, upon the ground that the parties are presumed to have tacitly renewed the former agreement. The same principle is announced in Bateman v. Maddox, 86 Texas, 546, and Racke v. Brewing Assn., 17 Texas Civ. App., 167. Upon the doctrine of these cases appellant contends that the holding over of appellee after the expiration of the third, sixth and ninth years constituted successive renewals of the original written lease for the full period thereof, and that appellee's holding was at all times by virtue, and according to the terms, of the said instrument, and his suit therefore "evidenced by or founded upon" a contract in writing, and subject only to the four years statute of limitations. Sayles' Ann. Civ. Stats., art. 3356. We do not so interpret these decisions, nor do we understand the law to be as stated.

In cases where the original lease contains no provisions for renewal, a holding over with the consent of the landlord creates the relation of landlord and tenant upon the terms of the expired lease. From the conduct of the parties the law implies the contract; and in these cases, whether the original lease be in writing or not, the renewal is not a written lease. In those cases where the original lease which is in writing provides for the renewal of the same, and the tenant by holding over, or by other compliance with the provisions stipulating for the extension, renews the contract, the second term is as much a part of the written lease as the first. The holding in such case is by virtue of the express written contract. No new assent upon the part of the lessor is required. McClelland v. Rush, 24 Atl. Rep., 354. But after the expiration of the renewal term provided for by the terms of the original lease, any holding over would only create a renewal by virtue of the implied contract. This implied contract, notwithstanding it may and will be upon the same terms of the prior written lease, is not itself evidenced by written contract, and is therefore under our statute subject to the bar of limitations after two years. Such we understand to be the status of appellant's case. If we treat the original lease as providing for a renewal, which is not at all certain, yet that instrument could not embrace more than six years from December 1, 1889, and after that time the liability of appellee arising from holding over with the consent of appellant, would be predicated upon the implied contract. Such further term is in no way contemplated by the lease, nor does appellee's liability have its inception there. We conclude therefore that appellant's cause of action as set forth in his petition was subject to the exception of appellee interposing the bar of limitations of two years.

It is true as suggested by appellant, that appellee's exception does

not embrace the rents from March 9, 1899, to April 1, 1899, a period of twenty-three days—suit having been filed March 9, 1901—but the amount in controversy having been reduced by sustaining such exception to an amount not within the jurisdiction of the district court, the petition was properly dismissed. Haddock v. Taylor, 74 Texas, 216, 11 S. W. Rep., 1093; Hammond v. Lamar County, 18 Texas Civ. App., 188, 44 S. W. Rep., 179; Doherty v. Galveston, 48 S. W. Rep., 806; McFadin v. San Antonio, 22 Texas Civ. App., 140, 54 S. W. Rep., 49; Hill v. Strauss, 56 S. W. Rep., 540; Thomas v. Telegraph Co., 25 Texas Civ. App., 398, 61 S. W. Rep., 503, 2 Texas Ct. Rep., 135; Missouri, etc., Railway Co. v. Kolbe, 65 S. W. Rep., 35, 3 Texas Ct. Rep., 295.

The judgment is affirmed.

*Affirmed.*