ALFRED ABEEL v. V. A. McDONNELL ET AL.

Decided May 17, 1905.

1.—Landlord and Tenant—Lease—Renewal by Holding Over.

The tenant, by holding over without further agreement on the expiration of a lease for years, becomes tenant for another year on the same terms.

**2.—Same.**

A charge that if the tenant holding over after the expiration of a lease for a term of years notified the landlord that he would only hold from month to month, or only hold over if certain improvements were made, this was not a renewal for the year, was error, and was not cured by giving a requested charge that the consent of the landlord or his promise to make the improvements was necessary to give such effect to the holding, since the charges were contradictory.

**3.—Same.**

A charge that holding over after the expiration of the term renewed the lease for a year was incorrect where it was a controverted question whether there was not an agreement that the holding should be only from month to month till the landlord determined whether he would make improvements.

**4.—Same.**

The mere demand of the tenant that improvements be made would not qualify the effect of his holding over unless the landlord induced him to believe that the request would be complied with.

**5.—Same.**

The acceptance of monthly rent by the landlord from the tenant holding over, after notice that without certain improvements he would hold only from month to month, was an implied assent to such holding, and would prevent it having the effect of renewal of the lease for a year.

Appeal from the County Court of McLennan County. Tried below before Hon. G. B. Gerald.

*Sleeper & Kendall,* for appellant.—When the tenant holds over possession of premises after the termination of a lease for years, without any new agreement, the landlord has the option or right to hold the tenant for another year, and this right does not depend upon other acts done by the tenant, whereby the landlord is induced to believe that the tenant desired to keep the premises for another year. Am. and Eng. Ency. Law (2d ed.), vol. 18, p. 405, and cases cited in note thereto; San Antonio v. French, 80 Texas, 578; Racke v. Anheuser, 17 Texas Civ. App., 170.

The right of the landlord to hold his tenant for another year, where the tenant holds over possession of the rented premises after the termination of a lease for a term of years, is not defeated by the fact that the tenant before or at the expiration of the lease, notifies the landlord that he would not keep the premises except upon a month to month rental. Smith v. Snyder, 168 Pa. St., 541.

The right of a landlord to hold his tenant for another year, who remains in possession after the termination of a lease for years, does not depend upon the offer of the tenant to keep the premises for another year, if certain improvements are made, or upon the hope of the tenant that the landlord will make certain improvements on the premises, and failure of the landlord to make such improvements would not absolve the tenant from a lease of the rented premises for another year, if the landlord should elect to hold the tenant therefor. Previous authorities.

Where tenants hold over possession of premises after the termination of a lease for years there is an implied agreement for a new lease for one year on the same terms as the original lease, unless a special agree-

ment is made between the landlord and tenant modifying the terms of the old lease and restricting the implication of law for a new lease at the option of the landlord.

The fact that a tenant at the expiration of his lease for a term of years notified his landlord's agent that he would not make a new lease unless certain improvements were made, and the agent had the matter under consideration and had not declined to make the improvements, would not defeat the landlord's right to hold the tenant for another year on account of the tenant holding over possession of the rented premises after the termination of the lease. Previous authorities.

*Boynton & Boynton,* for appellees.—The complaint made by appellant is that there should have been a charge on the implication arising from a mere holding over. To correct this omission plaintiff asked and the court gave the following special charge: "You are instructed that under the law, when a tenant holds over the possession of premises after termination of a lease for a year or years, the law implies an agreement between the parties for a lease of the premises for a period of one year from the termination of the former lease."

The appellant only complains that this paragraph omits the necessary statement that the landlord must have agreed to such monthly renting. This omission was fully covered by the special charge requested by plaintiff and given by the court.

The plaintiff on the trial considered the charges too restricted because they omitted to instruct the jury that mere notice by the tenants of a desire for the improvements without some act of assent or agreement on the part of the landlord would not effect the tenancy which appellant claims arose by implication from a mere holding over. To supply such omitted phase the plaintiff requested, and the court gave special charges.

The sixth special charge required an express agreement for a monthly rental, and limited the defense to this one fact.

The special charge given at defendant's request correctly states the law applicable to the evidence, as to an implied agreement for a monthly rental. The evidence of defendants demanded this charge.

The lease under which defendants took possession of the premises is for a term of three years for an aggregate sum of $2,160 payable in thirty-six installments, one payable each month. There is no yearly term mentioned. When a holding over creates a new contract it is by reason of the agreement implied from the acts of the parties. Bateman v. Maddox, 86 Texas, 546.

This is a mere implication of fact based on the presumed intention of the parties. It was held in Shipman v. Mitchell, 64 Texas, 174, that a tenant for a year would become a tenant by the month if prior to the termination of the year the landlord informed him he could only remain on such condition, and the tenant with such notice held over. Upon these facts the tenant was presumed to have assented to the landlord's proposition. Where the tenant gives the landlord similar notice, and the latter makes no objection and receives the monthly rent, we see no reason why the same rule does not apply. In other words the implied contract arises only from the presumed intent of the parties. We also refer to Minor v. Kilgore, 38 S. W. Rep., 539; Maynard v.

Lockett, 1 Posey, 527; Ward v. New York, etc., Land Co., 2 Texas Civ. App., 534.

We submit to the court that a yearly tenancy would not arise by implication upon the lease in question. The lease does not mention a yearly period directly or indirectly. Because of the statute of frauds there could be no implied renewal for a new term of three years. The only terms mentioned are the three years and the rent paying period of one month. If the implied agreement is founded on the former contract the term must be drawn therefrom. In this case if we had simply the lease and holding over, we submit the implied contract would be for a monthly rental. No other term can lawfully be implied from the written lease. Barlum v. Berger (Mich.), 84 N. W. Rep., 1070; Backus v. Sternberg (Minn.), 61 N. W. Rep., 335.

FISHER, CHIEF JUSTICE.—This action was begun in the County Court of McLennan County, Texas, by petition filed August 16, 1904, by the plaintiff Alfred Abeel, as executor of the estate of Thomas P. Abeel, deceased, against V. A. McDonnell and L. E. McDonnell, to recover the sum of $320 alleged to be due by defendants to plaintiff for the lease of a certain storehouse in the city of Waco at $60 per month for the months of April, May, June, July, August and September, 1903. The plaintiff averred in his petition that by written lease, dated the 5th day of January, 1900, his intestate let and leased to the defendants the said rented premises for the period of three years, beginning on the first day of January, 1900, pursuant to which lease defendants took possession of said premises and held the same up to and including the month of March, 1903, and that by virtue of holding over said premises under said lease from January 1 to April 1, 1903, said lease was by implication of law renewed between the parties for one year, that is to say from January 1, 1903, to January 1, 1904.

The defendants answered by general demurrer and general denial, and specially that prior to the 1st of January, 1903, they notified the said landlord and his agent L. W. Bagby that they would not longer retain said premises or remain tenants unless certain improvements were made, and that it was mutually agreed that no new lease would be made after January 1, 1903, unless such improvements were made. That on January 1, 1903, said agent had no answer to make to the defendants about making said improvements, but said agent understood and was informed and acquiesced in the statement on the part of the defendants that they would hold over said property after January 1, 1903, only from month to month, until they could find a suitable location, unless such improvements were made. That after January 1, 1903, and while defendants were holding said premises as tenants from month to month, said agent for the first time informed defendants that the landlord declined to make such improvements, whereupon defendants refused longer to occupy said premises and vacated the same.

There was a trial of the case by a jury, and on the 12th day of September, 1904, verdict in favor of defendants, upon which the court rendered a judgment against the plaintiff.

We construe the lease contract to be for a term of three years, and a continuance of occupancy by the appellant after the term expired, in

the absence of an agreement express or implied to the contrary, would be a lease for the year.

The theory of the appellant, which has some evidence to support it, is to the effect that the appellees continued in possession after the term expired without any agreement between them and the appellant to hold as tenants for a shorter period than a year, and that therefore the law would imply a holding under the same terms to the extent of a year, as indicated by the original contract. The appellees contend that they entered into an agreement with the agent of the landlord that they could rent by the month, and that they would only rent in the event the landlord would make some additional improvements, and that they were induced to believe that the improvements would be made, and that they remained in possession under an understanding with the agent that they could so continue to pay by the month until it could be determined by the landlord whether the improvements would be made. There is evidence tending to support this theory, but which is denied by the testimony of the appellant.

Appellant's first assignment of error complains of the first paragraph of the charge of the court, which is as follows: "The jury are instructed that if they believe from the testimony that the defendants after the close of the three years' lease, induced the plaintiff to believe that the defendants desired to keep or would keep the premises in question for another year, then they should find for plaintiff in the amount sued for."

We are of the opinion that the appellant can not complain of this charge. This charge does not militate against the view that if the tenant held over after the term had expired the law would imply a liability upon his part for the full term, but it is to the effect that if the defendants induced the plaintiff to believe that they would keep the premises, then they would be liable for another year, which instruction, as far as it went, was correct. If such state of facts existed, the defendants would be liable.

The second assignment of error complains of the second paragraph of the main charge of the court, which is as follows: "If the jury believe from the testimony that the defendants notified the plaintiff before or at the time the lease expired that they would not keep the premises, except on a month to month rent, they will find for the defendants." The evidence in the record shows that the tenant held over after the term expired, and it is a controverted issue in the case as to whether they held over under the consent of the agent and the landlord, under an agreement by which they were to rent from month to month. The objection to this charge is that in the absence of an agreement between the landlord and tenants as to a change in the contract, the instruction exonerates the defendants from liability merely upon notice to the plaintiff that they would only rent thereafter from month to month; and it is contended that if they held over without the consent of the landlord as to the change in the contract, that the bare fact of notifying the landlord would not relieve them from liability, if in fact they held over and continued to occupy the premises. In our opinion, the court committed an error in giving this charge. It should have been coupled with the proposition that the defendants would be released

only upon an agreement entered into as to changing the term under which they would hold, or an acquiescence on the part of the landlord or his agent, with the proposed terms submitted by the tenants. The appellants undertook to correct the error by a charge which was requested and given by the trial court, but this fact does not relieve the charge of its error. Practically the jury upon this issue was confronted with two conflicting charges.

Appellant's third and fourth assignments of error complain of the third paragraph and the last paragraph of the main charge of the trial court. The third paragraph is as follows: "If the jury believe that the defendants agreed to keep the premises if certain improvements were made, and that said improvements were not made, the failure to make the improvements, and the failure of the defendants to agree to keep them without the improvements were made, would not bind defendants to a yearly contract."

The last paragraph is as follows: "If the jury believe that the defendants remained on the premises hoping to have the improvements made and finding that the improvements would not be made they abandoned the premises, you should find for the defendants."

These charges are practically subject to the same objection as the charge just discussed. They are to the effect that if the jury believe that the defendants agreed to keep the premises only if the improvements were made, and that the improvements were not made, then the defendants could not be held liable. If the defendants remained in possession and there was no agreement upon the part of the landlord or his agent to make the improvements, or that the defendants could remain in possession under a monthly contract or until it could be determined whether the landlord would make improvements, then the mere notification or statement upon the part of the defendants that they would only keep the premises if the improvements were made, would not relieve them from liability for rent for the full year. The charges as complained of were, in our opinion, erroneous.

There was no error in the court's refusing appellant's sixth special instruction, as set out under his fifth assignment of error. The charge is on the weight of evidence, and assumes facts to be true about which there was a controversy. It in effect instructed the jury that the appellees were holding over and paying rent in accordance with the terms of the original written lease; and instructs the jury that the holding over by the defendants of the premises after January 1, 1903, under the circumstances in evidence, raised an implied agreement between the parties for a lease of the premises to the January following. It was a disputed question in the case whether the defendants were holding over and paying rent under the terms of the written lease, and whether the circumstances in evidence tended to show that they were so holding.

The sixth assignment of error complains of the action of the trial court in giving the following special charge requested by the appellees: "If the jury find from a preponderance of the evidence that on January 1, 1903, when the written lease expired, the tenants were demanding certain improvements before a new lease was made, and had notified plaintiff's agent that such new lease would not be made without certain improvements, and the agent had the matter under consideration, and

had not at the time declined to make the improvements, then the tenants, under such circumstances, by merely holding the house after January 1, 1903, would not become tenants for another year, and if you so find, your verdict will be for the defendants."

This charge as framed is not accurate. The mere holding of the matter of improvements under consideration by the agent of appellant could not as a matter of law be said to be a fact sufficient to induce the appellees to believe that their request would be complied with. The charge instructs the jury that the mere matter of consideration of the proposition by the agent, which he had not declined, would be sufficient excuse for the appellees to hold possession under the terms submitted by them. The question to be submitted to the jury should be, not that these facts alone should, as a matter of law entitle them to hold possession under the .new terms, but whether their proposition submitted to the agent, together with his conduct, was sufficient to induce them to believe that their terms would be accepted and the improvements made. If they submitted these terms to the agent and his conduct was such as would induce them to believe that it would be accepted and the improvements made, their continued occupancy for a reasonable time for the agent to comply with the terms, ought not necessarily be held to bind them for the entire year.

The seventh assignment of error complains of the following charge given at the request of appellees: "If you believe from a preponderance of the evidence that at the time of the expiration of the written lease, the tenants had notified plaintiff's agent that without certain improvements were made the defendants would only hold the house in question; and whether the improvements would be made was undecided on January 1, 1903, and when defendants paid the monthly rental for January, 1903, they notified plaintiff's agent that they would remain only as tenants from month to month, and the agent accepted the month's rent with such notice and acquiesced in said statement of the tenants, then if you so find your verdict will be for the defendants."

We are inclined to the opinion that this charge embodied a proper issue to be submitted under the facts of the case. Such conduct of the agent, if true, would be an implied assent to the terms proposed by the tenants.

The remaining assignments are complaints as to the sufficiency of the evidence to support the verdict, which we need not consider in view of the fact that the case is reversed on the errors in the charge discussed.

*Reversed and remanded.*