For the errors discussed, the motion for rehearing is granted, the judgment of affirmance set aside, and the judgment of the trial court is now reversed, and the cause remanded.

———

## RIVES v. VOLK et al.   (No. 8391.)

(Court of Civil Appeals of Texas.   Galveston.
June 15, 1923.)

**1. Landlord and tenant ⬅90(2)—Tenant holding over presumed to be in possession under terms of prior lease.**

A tenant holding over without consent of his landlord is deemed to be in possession upon the terms of his prior lease, under the presumption that the parties renewed their former agreement.

**2. Landlord and tenant ⬅233(3)—Whether tenant held over after expiration of lease on pasture and hay land held for jury.**

In an action for rent due on land used for pasturage and haying only, evidence *held* to raise a question for the jury whether defendant held over after the expiration of his previous lease in January.

**3. Landlord and tenant ⬅233(4)—Instruction defining "hold over" held erroneous in view of use of leased premises.**

In an action for rent due on land used only for pasture and haying purposes on the theory that defendant had held over after the expiration of a previous lease, an instruction defining the term "hold over" as meaning to hold possession of the premises after the expiration of the lease *held* erroneous, in view of the fact

that the lease expired in January, at which time there was no actual or physical possession of the tract for the purposes for which it was leased; the instruction being lacking in any qualification indicating that only such use of the land as had been made in the previous year was necessary to constitute continuance or holding over.

**4. Landlord and tenant ⬅231(2)—Evidence relating to use of leased premises held improperly admitted where sole issue was renewal of previous lease.**

In an action for rent due, where the sole issue was whether a previous lease had been renewed and extended by re-leasing or holding over, testimony that the land involved was open and unfenced and that stock of any person could stray there upon and graze *held* irrelevant to the issue and improperly admitted.

Error from Galveston County Court; E. B. Holman, Judge.

Action by Frank Rives against Martin Volk and others. Judgment for defendants, and plaintiff brings error. Reversed· and remanded.

P. A. Drouilhet, of Galveston, for plaintiff in error.

Frank S. Anderson, of Galveston, for defendants in error.

GRAVES, J.   Plaintiff in error sued defendants in error, Martin and G. M. Volk, for $371 rent on some land, alleging:

"That said defendants were plaintiff's lessees for said property for the year 1920, at the rate of $1 per acre, to wit, the sum of $371 payable in advance.

"That at the expiration of said lease, on, to wit, the 31st day of December, 1920, said defendants, with plaintiff's knowledge and consent, held over as lessees for the year 1921, and on or about the 5th day of March, A. D. 1921, said defendants specifically requested a renewal of the lease as and from January 1, 1921, to which plaintiff, acting by and through his agent Fred C. Pabst, agreed, and it was then and there agreed, that said defendants leased said 371 acres of land from January 1, 1921, to December 31, 1921, inclusive, at the rate of $1 per acre, to wit, for the sum of $371; said defendants then and there promising and agreeing to pay the said sum of $371 within 10 days. That said time has long since elapsed, and said sum of money, $371, is due and unpaid."

The defendants in error answered by general denial.

The cause was tried before a jury under the following charge of the court:

"The court instructs you that, if you believe from the evidence that at the expiration of the lease between the parties to this suit on, to wit, the 31st day of December, 1920, the said defendants with the plaintiff's knowledge and consent held over as lessees for the year 1921, you will find for the plaintiff in the amount sued for, $371, and if you do not so be-

·lieve, you will find ·for the defendants on this issue. And in this connection you are hereby charged that a tenant who holds over after the end of the term under which he entered with consent of his landlord is deemed to be in possession upon the terms of his prior lease, upon the ground that the parties are presumed to have tacitly renewed the former agreement. Therefore, if·you find from the evidence that the defendants, or either of them, held over with the consent of plaintiff the land leased to them by plaintiff for the year 1920, after the expiration of that lease, to wit, after December 31, 1920, without any other or further agreement at that time, then you will find for plaintiff for the amount for which the defendants leased the property for the year 1920, if they did so lease it, together with interest at 6 per cent. from January 1, 1921, and if you do not so believe you will find for the defendants on this issue.

"(2) You are further instructed in this connection that the term 'hold over' means hold possession of the premises after the expiration of the lease.

"(3) You are further instructed that if you believe from the evidence that the plaintiff and defendants entered into an agreement on or about the 5th day of March, 1921, by which defendants leased the 371 acres of land from January 1, 1921, to December 31, 1921, at the rate of $1 per acre, you will find for the plaintiff in the sum of $371, and if you do not so believe you will find for the defendants on this issue.

"The burden of proof rests upon the plaintiff to establish his cause of action by a preponderance of the evidence."

The jury's verdict was a general one in favor of defendants, following the return of which judgment that plaintiff take nothing by his suit was entered, and he appeals.

Plaintiff in error contends here that his requested peremptory instruction to find in his favor should have been given, on the ground that the .uncontroverted evidence showed that Volk held over the property after the expiration of the 1920 lease for two months or more without objection on his part, and with appellant's knowledge and consent, and was therefore deemed to have been in possession for the year 1921 upon the terms of the 1920 lease, and was liable accordingly.

He next insists that the requested charge No. 1 of the defendants below, that is, paragraph No. (2) of the quoted charge, should not have been given, because the definition therein given of "hold over" was too restricted, was confusing, and called for a greater degree of action on the part of defendants than the law, under the facts appearing, required.

[1] The principle of law appealed to in this first contention, that is, that a tenant holding over with the consent of his landlord is deemed to be in possession upon the terms of his prior lease under the presumption that the parties have renewed their former agree- ment, is well established (24 Cyc. 1012; City of San Antonio v. French, 80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763); but we are unable to agree that the uncontroverted evidence here furnished a fit setting for its application; rather, we think, did the state of the evidence as a whole raise a question for the jury as to whether or not the Volks continued to hold the leased premises after January 1, 1921; the contrary view rests in material part, at least, upon a conclusion drawn by plaintiff in error from the testimony of G. M. Volk, to the effect that his statements fix the time of his alleged conversations about another year with Mr. Pabst, the owner's agent, as subsequent to February 18, 1921, and, further, that up until that. date he was admittedly and otherwise shown to have continued the same use and occupancy of the land as in 1920. In neither particular have we so read the statement of facts.

[2] The land comprised 371 acres lying between Hitchcock and Alta Loma in Galveston county, was leased for pasturage and hay cutting purposes, and had never been used· for anything else. In 1920 part of it was fenced, part not; there having been no fence on the east side in about 12 years. There were 2,000 or 3,000 acres surrounding it that lay open for pasture, and no testimony evidenced any actual occupancy or possession of this tract at any time by defendants in error except such as was incident to its use by them for grazing cattle on¹ and cutting hay from it; neither did any witness swear that they in fact made even this use of it after January 1, 1921, while G. M. Volk testified that after that date he and his son made no effort to keep them out and that everybody's stock went on the premises. The son stated that they had kept the fence along the shell road on the south side up until their lease expired, but not afterwards. These circumstances tend to indicate an abandonment of the tenure of defendants in error at the close of 1920.

In addition, the mathematical deduction that G. M. Volk fixed his disputation with Mr. Pabst over whether he was to have a lease for 1921 as later than February 18 of that year is not conclusive. He says, "After this lease expired for the year 1920, I had a talk with Mr. Pabst about re-leasing the land," but the time is not definitely fixed, and an inference that he meant to say it occurred on or soon after the expiration of his lease is not convincingly negatived. He indicates that he made two trips to see Mr. Pabst about the matter, and just when the first of these occurred is not made clear.

[3] We conclude, however, that plaintiff in error's second contention should be sustained. If there had before been such actual or physical possession of this tract of grazing land as is usually had where the tenant resides on

and cultivates the soil of the leased premises, this criticized charge would not have been objectionable (Frost v. Akron Iron Co., 1 App. Div. 449, 37 N. Y. Supp. 374, 377; Wingate v. Wingate, 11 Tex. at page 438); but under the evidence in this instance showing undisputedly that there never was other than a cattle grazing and haycutting use made of this land, we think the definition the court used became inapplicable, and that the jury was probably misled thereby into the belief that, before they could find that defendants had held over, they must believe that they held actual exclusive possession of the land after the expiration of the 1920 lease—which, of course, they could not do under the evidence.

There should have been some qualification indicating that only such use of the land as had been made under the 1920 contract was necessary to constitute a continuation for 1921 of the same relationship.

[4] The harmful effects of this feature of the charge was accentuated by the further action of the court in permitting the defendants in error, over plaintiff in error's objection of irrelevancy, to introduce proof to the effect that the land involved was open and unfenced, which is complained of under the third assignment of error. The written lease for 1920 was in evidence, and the sole issue was whether or not the terms of that contract had been extended to 1921 either by a re-leasing or such a holding over in fact as legally meant the same thing; that is, a holding under the same kind of use. The bearing upon this single inquiry of the general question of whether or not the land was fenced is not readily perceived, but when the jury were told that "holding over means having possession," and then were permitted to consider testimony to the effect that the land was "open, unfenced, and the stock of any person could stray in there and graze," it seems easy to see that they might have, and probably did, conclude that defendants in error could not have "possession" of something that was so open to everybody. This assignment also must be sustained.

For the errors indicated, the judgment has been reversed and the cause remanded.

Reversed and remanded.