## GWYN et al. v. LYON.   (No. 2561.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 9, 1925.)

1. **Appeal and error 1062(5)—Error in submitting immaterial issue held harmless.**

Error in submitting an issue as to undisputed matter is harmless.

2. **Trial 350(4)—Refusal to submit issue as to whether landlord accepted tenant's offer of cash rent held proper, where evidence showed no express contract for rent.**

In action for rent, refusal to submit issue as to whether landlord accepted tenant's offer of cash rent was not error, where evidence showed failure to agree on amount of rent, as tenant, by holding over, impliedly contracted to pay same rent as previous year.

3. **Appeal and error 215(1).—Failure of jury to answer immaterial issue pursuant to instructions not objected to held to preclude error.**

Where jury, pursuant to court's instruction, did not answer an immaterial issue, and no objection or exception was made to court's charge, no error was shown.

4. **Landlord and tenant 235—Judgment including balance due for previous year held proper, though no issue presented thereon.**

In suit for rent, judgment including balance due for previous year was properly entered, though no issue was presented to jury involving previous balance, where there was evidence to sustain court's implied finding for that amount, and pleadings included claim for previous balance.

5. **Appeal and error 1140(3)—Costs 238(3)—Remittitur for amount erroneously included in judgment cures the error, but, where not filed until after appeal is perfected, costs taxed on appellee.**

Where an amount was erroneously included in judgment for appellee, a remittitur entered therefor cures the error, but, where it is not filed until after appeal is perfected, costs of appeal will be taxed on appellee.

Error from Bailey County Court; Wm. G. Kennedy, Judge.

Suit by T. B. Lyon against W. B. Gwyn and another. Judgment for plaintiff on appeal from justice court to county court, and defendants bring error. Affirmed.

Pressly & Thomas, of Muleshoe, for plaintiffs in error.

A. B. Crane, of Raymondville, for defendant in error.

HALL, C. J. This suit originated in the justice court of Bailey county, where Lyon sued Gwyn and Oscar Shirley jointly for $200 alleged to be due him as rent. The transcript from the justice court to the county court fails to show that the defendants en-

tered any pleading upon the justice docket. It is conceded, however, that they demanded a jury, and a trial there resulted in a judgment against both defendants in the sum of $150. They appealed to the county court, where written pleadings were filed, and in that court the trial was again to a jury, which resulted in a judgment against Gwyn in the sum of $200, with 6 per cent. interest, and against Shirley in the sum of $145, with interest.

It appears from the record that Gwyn had been occupying the premises belonging to Lyon for several years at a cash rental of $150; that he had sublet a part of the premises to Shirley, which we must presume was with the consent of Lyon, since Lyon seeks to recover from Shirley rent for the land occupied by him.

[1] It is first contended that, because the defendants specially alleged in their pleading that they agreed to pay $150 cash as rent for the year 1923, and that plaintiff was suing for that amount of rent for that year, the court erred in submitting to the jury special issue No. 1 as follows:

"Did the defendant Gwyn agree to pay as rental for the land in question during the year 1923, $150?"

Since there was no controversy concerning this fact, the issue was immaterial, but the error in submitting it is harmless, and is not ground for reversal.

[2] The next contention is that, because Gwyn alleged that he had tendered plaintiff his promissory note in the sum of $150 for rent for said year, and further alleged that the note was refused by Lyon and returned, it was error for the court, after submitting the first issue, to then refuse to submit the defendants' special issue as follows:

"Did the plaintiff accept the defendants' offer of $150 cash rent for the year 1923?"

No error is shown by this proposition and assignment. The note for $150, which Gwyn executed and sent to Lyon, did not provide for interest. Lyon refused to accept it, and returned it to Gwyn, with a different note, containing a stipulation that Gwyn should not have use of a red barn then on the premises during the year. Gwyn refused to sign this note, and wrote Lyon that he was going to stay by the first trade; that he had sent his promissory note for the rent, "and this is all that I am going to do. I won't sign any such note as you sent me, as that would make a different contract with us." Several letters passed between the parties, but the result of the negotiations is that no note was signed for the rent, but Gwyn and his subtenant were permitted to remain in possession of the premises during the rental year. While there is no express contract, there is, in law, an implied contract by reason of the fact that Lyon permitted the tenant to hold over for another year; that the latter would pay the same rent which he had been paying during previous years, which the record shows to be $150. 35 C. J. 1034, 1035, 1101, 1102; Rives v. Volk (Tex. Civ. App.) 253 S. W. 831; Abeel v. McDonnell, 39 Tex. Civ. App. 453, 87 S. W. 1066; Minor v. Kilgore (Tex. Civ. App.) 38 S. W. 539; Mahon v. Cotton, 13 Tex. Civ. App. 239, 35 S. W. 869; Bateman v. Maddox, 86 Tex. 546, 26 S. W. 51.

[3] The court instructed the jury that, if issue No. 1 was answered in the affirmative, then issues numbered 2 and 3 need not be answered. Issue No. 2 is as follows:

"Did the defendant W. B. Gwyn agree to pay for the rent land in question one-third of the crop made on the place?"

In obedience to the court's instructions, this issue was not answered, and no objections or exceptions were made to the court's charge. It presented an immaterial issue; and, since the jury failed to answer it, no error is shown.

[4, 5] In addition to the $150 rent for 1923, plaintiff sued for a balance of $50 alleged to be due him as rent for 1922. The evidence was conflicting upon this point. No issue was submitted to the jury as to this item, but, since there is evidence to sustain the court's implied finding for that amount, the judgment was properly entered including it as part of plaintiff's recovery. The amount claimed in the justice court was $200. By his written pleadings in the county court, plaintiff sued for the same sum, which embraced the $150 rent for 1923, and the balance of $50 unpaid rent for 1922. The judgment of the court is against Gwyn for this $200. Judgment was further rendered against Shirley for $145, which, we infer, was one-third of the value of the cotton raised by Shirley upon his part of the land. The court erred in rendering judgment for that amount. After the appeal bond was filed with the clerk of the county court, a remittitur was entered of that item, which the court, clearly, was not authorized to adjudge in favor of plaintiff, and which plaintiff never claimed. The remittitur cures the error; but, because it was not filed until after the appeal was perfected, the costs of the appeal will be taxed against the appellee. Atchison, T. & S. F. Ry. v. Boyce (Tex. Civ. App.) 171 S. W. 1094.

The judgment for $200 against Gwyn is affirmed.