## HUNGER v. TOUBIN BROS., Inc.
### No. 9221.

Court of Civil Appeals of Texas. Austin.
Sept. 16, 1942.

Rehearing Denied Oct. 7, 1942.

Moss & Moss, of LaGrange, for appellant.

C. C. Jopling, of LaGrange, for appellee.

BLAIR, Justice.

Appellant, Fred W. Hunger, sued appellee, Toubin Bros., Inc., for eight months rent of a store building, alleging that appellee was a holdover tenant for the year beginning September 21, 1939, and ending September 20, 1940; that the rent was payable $75 per month, which appellee paid for four months, but abandoned the premises on February 20, 1940; that appellant was unable to rent the building for the remainder of the year; and that appellant was therefore entitled to recover the sum of $600. In answer to the sole special issue submitted, the jury found that "after September 21, 1939," appellee notified appellant that "it would only occupy said building * * * thereafter from month

766

to month"; and upon this finding judgment was rendered for appellee.

We sustain the contention that the special issue submitted did not require the jury to find any fact applicable to the law of this case. It made the non-liability of appellee for the holdover year rent to depend solely upon whether "after September 21, 1939," it gave appellant notice that it would rent thereafter only from month to month. A mere notice on the part of the tenant to the landlord that the tenant intends to hold the building after the expiration of a one or more years term as a month to month tenant is not, standing alone, sufficient. The notice must be coupled with the further proposition that the tenant would be released only upon an agreement entered into changing the term under which the tenant would hold, or an acquiescence on the part of the landlord with the proposed term submitted by the tenant. Abeel v. McDonnell, 39 Tex.Civ. App. 453, 87 S.W. 1066. The rule is that where a tenant under a lease of a storehouse for one or more years holds over after the expiration of the term, the holding over is a lease for a year, in absence of an express or implied agreement to the contrary. City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440, 26 Am.St.Rep. 763; Shipman v. Mitchell, 64 Tex. 174, 175; Bateman v. Maddox, 86 Tex. 546, 26 S.W. 51; Marsalis v. Pitman, 68 Tex. 624, 5 S. W. 404; Abeel v. McDonnell, supra; Racke v. Anheuser-Busch Brewing Ass'n, 17 Tex.Civ.App. 167, 42 S.W. 774; Roller v. Zundelowitz, 32 Tex.Civ.App. 165, 73 S. W. 1070; Puckett v. Scott, 45 Tex.Civ.App. 392, 100 S.W. 969; and Hill v. Hunter, Tex.Civ.App., 157 S.W. 247, writ refused. And a second holdover year is created by holding over in similar manner as under the first holdover year. Bateman v. Maddox, supra.

A fact question is held to be raised as to whether the landlord has impliedly assented to a proposed month to month tenancy, where a tenant who is holding over after a one or more years term notifies the landlord that he will only hold from month to month, and the landlord thereafter accepts the monthly rent under such circumstances as may imply assent to the proposed month to month tenancy. No such question is presented under the facts of this case, because the undisputed evidence showed that at the time appellee proposed the month to month tenancy the one

year holdover term had begun and appellant never assented to the proposition of appellee to thereafter occupy the premises only from month to month. Appellee's representatives testified that although they told appellant that appellee intended to thereafter occupy the building from month to month, and that if appellant were not satisfied, appellee would move from the premises, appellant never at any time said anything or agreed to the month to month tenancy.

We also sustain the contention that the uncontroverted evidence showed appellee to be a holdover tenant for the year beginning September 21, 1939, and ending September 20, 1940; and that appellant was entitled to his requested instructed verdict and judgment for the unpaid portion of the one year holdover term.

By written contract appellant leased the building to Toubin Bros., a partnership, for five years, beginning September 21, 1933, and ending September 20, 1938, at $900 per year, payable $75 per month. The partnership paid the rent as stipulated until February 11, 1936, when the partners, with others, incorporated the business as Toubin Bros., Inc., and thereafter the corporation paid the rent in accordance with the contract until its expiration on September 20, 1938. Thereafter the corporation remained in possession of the building and paid the $75 per month as under the prior written contract until September 20, 1939, which constituted the first holdover year after the expiration of the written contract. At the end of the first holdover year no agreement was made between the parties, but appellee remained in possession of the premises. On September 30, 1939, appellant wrote appellee that the rent was due on the 20th, and had not been paid. On October 9, 1939, appellee paid $75 as rent from September 21, 1939, to October 20, 1939, and for each month thereafter, including the month ending January 20, 1940, appellee paid $75 a month as rent for the premises. Appellee gave appellant its check for the rent due from January 20, 1940, to February 20, 1940. Appellant did not cash the check, but by pleadings appellee offered to pay it or to tender the money into court for said month, during which said month it admitted that it occupied the premises. Appellee never at any time told appellant that it was going to remove from the premises until it delivered the keys on or about February 20,

1940, and at which time it removed its business from the premises. The representatives of appellee testified that they told appellant sometime in October, 1939, that appellee intended to thereafter occupy the building only from month to month; that if appellant were not satisfied appellee would move from the premises; but that appellant never at any time agreed to the month to month tenancy, and that although appellee's representatives told appellant this many times after October, 1939, appellant never at any time said anything and never agreed to the month to month tenancy. This offer was after the one year holdover lease began, on September 21, 1939, and it was not shown whether appellee had paid the first $75 monthly rental after this notice and proposition to appellant. But, in any event, the undisputed evidence showed that appellant never thereafter consented to the proposed month to month tenancy. There was some discussion of a new contract for two years at the end of the written lease in 1938, and some further discussion of such a contract in December, 1939, but the evidence is undisputed that the two-year lease was not accepted and never entered into.

■ The right of a landlord to hold a tenant for another term is not affected by the length of time a tenant holds over after the one or more years expiring term, but will arise if the tenant holds over a few days or for a single day, unless the circumstances are such as to excuse the holding over. In the instant case the evidence is undisputed that nothing was said before or at the expiration of the first holdover year ending September 21, 1939, with regard to the ensuing year. Appellee remained in possession; ten days later appellant elected to hold it as a holdover tenant by giving written notice that the rent was due, and demanding payment for the first holdover month. Appellee paid the rent. A tenancy of a year arose out of this holding over under the assumption of law that the parties had agreed to the new term. Appellee could not change this contract by mere notice or payment of rent after giving notice that it would only occupy the premises from month to month, because such an agreement would be without consideration. Furthermore, appellant would have to assent to a change of the contract to a month to month tenancy. He never assented to it. The case of Abeel v. McDonnell, supra, is not in point because no circumstance was

plead or proved excusing the holding over of appellee after the term, such as under pending negotiations for a new lease, or holding over under a promise and agreement that the landlord would make certain improvements if the tenant would take the lease for another year. At the time appellee claimed that it notified appellant it would only hold from month to month, the one year contract was in effect, no negotiations of any sort were pending for a month to month tenancy, and no circumstance or excuse whatever had been alleged or proved excusing appellee from holding over after the expiration of the term ending September 20, 1939. Thus the evidence established as a matter of law that appellee was a holdover tenant for one year, and since it had paid for five months rent and then abandoned the premises, appellant's request for an instructed verdict and judgment for $525 should have been granted.

■■ By cross-assignment of error appellee contends that the trial court erred in not instructing a verdict and judgment for it upon the ground that the five-year contract with Toubin Bros., the partnership, for the lease of the building was never assigned to Toubin Bros., Inc., and that it never assumed the obligation of the contract and was therefore not liable for any holdover term based upon the contract. The contention is without merit. The trial court correctly held that appellee assumed the contract as a matter of law under the facts of this case. The partnership business was converted into a corporation, without change of business, and was carried on by the corporation in the same building. The corporation occupied the entire premises; the partnership was shown not to have reserved any interest in the lease, but permitted the corporation to continue in the lease. The corporation paid by its check the monthly rentals for more than three years, and then held over one year under the undisputed evidence; and after the second holdover year had begun to run the corporation informed appellant that it wished to change to a month to month tenancy. Under these facts appellee assumed the contract as a matter of law and is clearly liable as a holdover tenant under the implied contract which arose as the result of the holding over without any agreement, either express or implied, to hold the premises only from month to month. The right of a landlord to hold a holdover tenant for another term includes

768

the right to hold an assignee of the original lease when he holds over the term. Tolle v. Orth, 75 Ind. 298, 39 Am.Rep. 147.

The judgment of the trial court is reversed and judgment is here rendered for appellant in the sum of $525, with interest and costs of suit as authorized by law.

Reversed and rendered.