**JONES et al. v. WINTER et al.,**
**No. 5916.**

Court of Civil Appeals of Texas. Amarillo.
Nov. 8, 1948.

Rehearing Denied Dec. 6, 1948.

Warlick, Bunnenberg & Douglas, of Vernon, for appellants.

Killough & Owens, of Vernon, for appellees.

LUMPKIN, Justice.

Appellees, Charles C. Winter and E. H. Judd, lessees of the Wilbarger Hotel, Vernon, Texas, sued the appellants, Chris Jones and Jesse Zelios, operators of the hotel cafe and dining room, for rents claimed under a month to month tenancy. The appellants answered by a cross action, plea of reconvention, and alleged damages for a wrongful attachment of appellants' property.

The case was submitted to a jury upon special issues and upon the verdict returned, the court entered judgment for the appellees in the sum of $1,200. To this judgment the appellants excepted, gave notice of appeal, and perfected their appeal to this court.

On April 23, 1937, the appellant Chris Jones leased the cafe and dining room at the Wilbarger Hotel. According to the terms of the lease, appellant Jones was to pay $85 per month rent for the first two months and $100 per month for the remainder of the year. On April 23, 1938, at the expiration of the year, appellant Jones continued to pay rent at the rate of $100 per month. The record does not reflect whether the hotel and appellant Jones agreed to a renewal or extension of the lease, but it does reflect that Jones did pay the $100

rent as it accrued each month, that he continued to occupy the premises and operate a restaurant, and that the hotel did accept the monthly payments of the rent.

In September, 1939, the appellant Zelios joined Jones in the operation of the cafe. The record discloses that from time to time the appellants at their own expense made improvements in the cafe, and that in September, 1944, they agreed with Mrs. Winter, the successor of B. A. Winter as president of the Wilbarger Hotel Company, Incorporated, to increase the rent to $150 a month. The record does not show that anything was said at that time concerning the renewal, extension, or cancellation of the lease. Thereafter the appellees, Charles C. Winter and E. H. Judd, leased the hotel property from Mrs. Winter, and on September 19, 1947, the appellees informed the appellants that effective October 1, 1947, their rent would be $350 per month. The appellants refused to pay this rent but did offer their cheques in the amount of $150 as payment of the rent for the months of August, September, October and November, 1947, as each month's rent accrued, and the total amount of $600 was tendered during the trial of this case. The appellees refused each cheque at the time it was offered and declined to accept the tender in open court. In late December, 1947, at appellees' request, the appellants vacated the cafe and dining room.

In their original petition the appellees alleged that on August 27, 1947, the appellants leased the cafe and dining room on a month to month basis at $350 per month, beginning 1st day of October; and that the September rent of $150 and three months rent at $350 per month was unpaid and due. The appellees prayed for judgment in the amount of $1,200 and that a town lot belonging to appellants be attached pending the disposition of the suit.

The appellants in their first amended original answer alleged that on April 23, 1937, they entered into a one year written lease with the hotel and that since that time they had occupied the hotel cafe and dining room; that at the end of the first year the lease was not rewritten but that the appellants continued to occupy the premises under the same condition as they had during the first year of the occupancy, except that in January, 1945, it was mutually agreed between all parties that the rent should be $150 per month rather than the $100 per month as formerly paid. The appellants claimed a year to year tenancy and that they were entitled to remain in possession of the cafe until April 23, 1948, at a rental of $150 per month.

The appellants insist that the trial court erred in rendering judgment for the appellee since some of the jury's findings were in conflict. The only material issue, argue the appellants, is whether there existed a tenancy from month to month or a tenancy from year to year. By its answer to Special Issues 1 and 1A, the jury found a tenancy from month to month; by its answer to Special Issues 2 and 3, the jury found facts under which the appellants had a tenancy from year to year.

Before submitting Special Issues 1 and 1A to the jury, the trial court properly defined a tenancy from month to month and a tenancy from year to year.

Special Issue 1 reads, "Do you find from the preponderance of the evidence that on the 27th day of August, 1947, the defendants were occupying the cafe and dining room as a tenant of the Wilbarger Hotel, under a tenancy from month to month, as above defined?" The jury answered in the affirmative.

Special Issue 1A inquires, "Do you find from a preponderance of the evidence that on the 27th day of August, 1947, the defendants were occupying the cafe and dining room as a tenant of the Wilbarger Hotel under a tenancy from year to year, as above defined?" The jury wrote, "No."

Special Issue 2 asked if on April 23, 1937, the parties entered into a contract in writing whereby the hotel leased to the appellant Jones the cafe and dining room for a one year period. The jury answered, "Yes."

Special Issue 3 inquired whether the appellant Jones after April 23, 1937, remained in possession of such premises, paying rentals thereon which were accepted by the parties entitled to receive them. To this the jury wrote, "Yes."

The appellants contend that Special Issues 1 and 1A ask the jury to resolve questions of law, and thus the attempted answers are immaterial to a correct judgment. This contention is sustained. No question of pure law, or any question involving a mixed question of law and fact, should be submitted to a jury for finding. To submit such a question may be reversible error. As stated in Speer's Law of Special Issues in Texas, p. 47, "The court, where such an issue has been inadvertently submitted and found by the jury, undoubtedly would not be bound thereby because such an issue is one entirely beyond the power of the court to submit, and entirely beyond the power of the jury to find, and their attempted answer thereto would be immaterial as a matter of law and constitute no obstacle to a correct judgment." Dallas County Fresh Water Supply Dist. No. 7 et al. v. Mercantile Securities Corporation, Tex.Civ.App., 110 S.W.2d 187, error dismissed.

Obviously whether a tenancy is from month to month or from year to year is a question of law to be determined by the court from the facts. The trial court sought to render Special Issues 1 and 1A innocuous by a definition of terms. However, in our opinion, such jury findings are not material to a correct judgment. The appellant Jones testified, and the jury so. found, that on April 23, 1937, he entered into a written lease contract with the hotel for the cafe and the dining room for a period of one year at a stipulated rent; and that he paid the rent required and that the money was accepted by the hotel. The jury found that he remained in possession of the premises and paid the rent thereon to the parties entitled to receive it. The rule is well established in this state "that where a tenant under a lease of a storehouse for one or more years holds over after the expiration of the term, the holding over is a lease for a year, in absence of an express or implied agreement to the contrary." Hunger v. Toubin Bros., Inc., Tex.Civ.App., 164 S.W.2d 765, 766, error dismissed; Willeke v. Bailey et al., 144 Tex. 157, 189 S.W.2d 477. The record fails to disclose any agreement to the contrary. Our courts have also held that a second holdover year is created by holding over in a similar manner as under the first holdover year. Bateman et al. v. Maddox, 86 Tex. 546, 26 S.W. 51; Abeel v. McDonnell, 39 Tex.Civ.App. 453, 87 S.W. 1066; Hill v. Hunter, Tex.Civ.App., 157 S.W. 247, writ refused. Thus there existed a lease contract written in clear and unambiguous terms—a contract which by the acts of the parties, in paying the rents and accepting them, continued uninterrupted from April 23, 1937, to the date the appellants vacated the premises. It is the duty of the court to construe written instruments. Neither the pleadings nor the evidence justified the trial court in submitting Special Issues 1 and 1A to the jury. The lease contract described by the appellant Jones, and which was not contradicted, was unambiguous. In the absence of fraud, accident, or mistake, it is conclusively presumed that the parties to the contract were familiar with and understood its terms. There is no evidence of fraud, accident, or mistake. Under such circumstances the terms of the contract are to be given their ordinary and accepted meaning, and therefore special issues pertaining to the interpretation of its terms are unnecessary. Southern Travelers' Ass'n v. Wright, Tex.Com.App., 34 S.W. 2d 823; Owens et al. v. Jackson et ux., Tex.Civ.App., 35 S.W.2d 186, error dismissed. Since Special Issues 1 and 1A were erroneously submitted to the jury, the trial court erred in rendering judgment for the appellees.

In the trial of the case an opportunity was afforded for a full and exhaustive development of the testimony. Nothing could be gained by remanding the cause for another trial. The judgment of the court below is reversed. Since the evidence shows that the appellants owed the appellees four months rent at the rate of $150 a month, a total of $600, and since tender of this amount has been made by the appellants, judgment in the sum of $600 is rendered for the appellees. Rule 434, Texas Rules of Civil Procedure. In view of our holding in this case, it is unnecessary to discuss the appellants' remaining point of error.