### J. W. PUCKETT ET AL. v. W. J. SCOTT ET AL.

#### Decided March 2, 1907.

**Landlord and Tenant—Holding Over—Implied Contract.**

The mere fact that a tenant holds over the rented premises after the expiration of the term does not raise a conclusive presumption that he holds under the terms of the expired contract. This presumption is one of fact and may be rebutted by proof that he refused to do so.

Appeal from the District Court of Cooke County. Tried below before Hon. J. M. Wright.

*Culp & Giddings,* for appellants.—When before the expiration of his lease for 1902 Puckett notified Scott that he would not renew the lease for another year, and that he did not intend to pay rent after he sold out, and Scott made no objection thereto, but permitted Puckett to remain over another year without notifying him that he intended to hold him for an entire term, the law implied an assent to Puckett's terms. Minor v. Kilgore, 38 S. W. Rep., 539; Shipman v. Mitchell, 64 Texas, 176; 18 Am. & Eng. Enc. of Law (2d ed.), 690, 697, 407.

*Davis & Thomason,* for appellee.—The appellant Puckett having for the two preceding years occupied the premises under a yearly contract at a rental of twenty-five dollars per month, and having at the expiration of the second year been furnished by Scott with a written contract for another year, and said Puckett having retained the contract and occupied the premises for several months, he necessarily became a tenant for another year unless he could show by evidence that Scott had agreed to a lease for an indefinite time; and whether Scott had or had not so agreed, having been fairly submitted to the jury, Puckett has no just cause of complaint. Bateman & Bro. v. Maddox, 86 Texas, 554; 1 Taylor on Landlord and Tenant, sec. 22; 18 Am. & Eng. Enc. of Law (2d ed.), 197 and 405; Schuyler v. Smith, 51 N. Y., 309.

SPEER, ASSOCIATE JUSTICE.—R. F. Scott sued J. W. Puckett and others to recover the sum of $212.50, a balance claimed to be due for the rent of a certain warehouse in the city of Gainesville, less an admitted credit, the plaintiff claiming that defendant Puckett had leased the building for the entire year (1903) and abandoned same in April and the building remained unoccupied for the balance of the term. The other defendants were sued as sureties on a bond executed by Puckett to secure the payment of such rents as might be found to be due by said Puckett. The answer of defendants tendered the issues that the building was held under a rental contract until such time

during the year 1903 as the defendant Puckett could find a purchaser for his business, and that the building remained idle during the entire term for which the defendants were being sued, and that if plaintiff had used ordinary care to rent it he could have realized at least $25 monthly, for which amount defendants claimed credit. The trial resulted in a verdict and judgment in plaintiff's favor for the full amount sued for and defendants have appealed.

The fourth paragraph of the court's charge reads as follows: "The defendant can not by notifying the plaintiff that he did not want the premises for an entire year or that he would not enter into a yearly contract alter the rights of the plaintiff, for the plaintiff under the law had a right to treat him as a tenant for a year unless defendant has shown by the evidence that plaintiff waived his right so to hold him." Complaint is made of this charge and we think justly so. It is undisputed that the prior holding of appellant had been by the year, and it would be true if he held over after the expiration of his term without entering into a different contract, either express or implied, that appellee would have a right to treat him as a tenant for a year. In other words, the presumption is that the holding over is upon the terms of the expired contract, but this is only a presumption of fact and may be rebutted by proof of a contract upon different terms. It is not correct to say that a tenant under such circumstances can not, by notifying his landlord that he will not hold under the terms of the expired contract, alter the rights of the landlord. Under such circumstances the rights of the landlord might be materially changed. If the landlord either expressly or impliedly accepts the terms of the proposition thus made by the tenant, the presumption arising from the holding over is rebutted, so that it becomes a question of fact to be determined from all the circumstances whether or not the holding over is under the terms of the expired contract by reason of the presumption adverted to, or upon different terms growing out of the refusal of the tenant to be bound thereby. The evidence is in a state of conflict upon this point and the issue should have been presented unaffected by the intimation in the charge that the conduct of appellant in refusing to take the premises for the year of 1903 did not tend to establish a different agreement. This holding does not have the effect to declare, as appellee suggests it would, that a tenant might thus withhold his landlord's premises and dictate the rental terms. In such a case the landlord, if he refuses to accede to the tenant's proposition, should eject the tenant and retake his property.

The other assignments present no error for which we would reverse the case, although the seeming contradictions in the charge brought about by suggesting the form of the verdict in the event of a finding for plaintiff, and the intimation that there was only one question of fact in the case, might well be avoided upon another trial.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*