## FURR v. JONES. (No. 10706.)

(Court of Civil Appeals of Texas. Fort Worth. June 21, 1924.)

**1. Trial ⟢350(3)—Submitting issue not before court held reversible error.**

In action of trespass to try title, where the issue for the jury was whether plaintiff had by express agreement leased the land to defendant, submitting issues whether plaintiff allowed defendant to hold over from a previous year as a tenant, and whether such occupancy by defendant was subject to any condition, was reversible error.

**2. Landlord and tenant ⟢90(1)—Presumption of extension of lease from holding over not conclusive.**

Although permission to a tenant to 'hold over after a termination of a lease may raise a presumption of an agreement for extension of the lease, such presumption is not conclusive against positive testimony to the contrary, especially when tenant testifies to a renewal by express agreement and relies upon such agreement in his pleadings, and does not plead a tenancy by holding over.

**3. Landlord and tenant ⟢180(3)—Testimony as to special damages inadmissible in absence of predicate for recovery thereof.**

As respects tenant's right to special damages for eviction, tenant's testimony that his wife was ill before the move, and that after he moved from the house his wife was ill, and he had to incur expense and was damaged by loss of her services, was inadmissible in absence of testimony showing a predicate for recovery of such items as special damages, such as proof of notice to landlord of wife's illness at time.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Action by Boob Furr against C. L. Jones. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Brown & Graham, of Graham, for appellant.

Binkley & Binkley, of Graham, for appellee.

DUNKLIN, J. Boob Furr has appealed from a judgment rendered against him in favor of C. L. Jones for damages for an alleged wrongful eviction from a tract of 75 acres of land.

Furr had leased that tract of land, which was a part of the T. E. & L. Company's survey No. 324, to Jones for the year 1919. Jones was a farmer, and raised a crop on the land during that year. At the expiration of the year 1919 Jones continued to occupy the residence on the land until April 30, 1920, at which time he was evicted under a writ of sequestration in this suit filed by Furr against him on April 1, 1920, the suit being in trespass to try title to recover the entire survey of 320 acres. After levy of the writ of sequestration, and after defendant failed to replevy the property, the same was replevied by Furr by giving a statutory bond therefor, and thereupon he was placed in possession.

The defendant, Jones, in addition to a plea of not guilty and a general denial, filed a cross-action against the plaintiff for damages. In his first amended original answer, he alleged that he leased the 75 acres above mentioned from Furr for the year 1919, and made a crop thereon; that on or about January 1, 1920, he leased from Furr another tract consisting of 70 acres, known as the Carter tract, for the year 1920; that at the

time of said lease contract the house on the Carter tract was occupied, by reason of which fact plaintiff agreed that he (Jones) might have possession and the occupancy of the residence on the 75-acre tract until plaintiff could secure possession for the defendant of the house on the Carter tract; that plaintiff agreed that as soon as he could secure such possession of the residence on the Carter tract he would deliver the same to the defendant, and defendant agreed to cultivate the Carter tract as plaintiff's tenant during the year 1920. Defendant further alleged that plaintiff later breached his contract to lease him the Carter tract and refused to put him in possession of the same or the residence situated thereon, and thereupon proceeded to evict him from possession of the residence on the 75-acre tract, which he was then occupying. The defendant further alleged that after such eviction he was forced to secure another place and move thereon; that the place to which he moved contained only 40 acres, and that in order to secure the same, which was late in the cropping season, he was forced to expend money and labor in the sum of $150. The defendant further alleged that his wife was ill at the time of such eviction, which illness, and the suffering incident thereto, was greatly aggravated by reason of such eviction. The defendant further alleged that had he been permitted to use the Carter tract he would have made a much larger crop than he did make on the 40-acre tract to which he was forced to move. He sued to recover that loss and the expense so incurred by him in making the move; also for damages by reason of the injury to the health of his wife for the temporary loss of her services, and the feeling of humiliation sustained by him by reason of the forcible eviction. The defendant also claimed exemplary damages in the sum of $2,500 for the alleged wanton, malicious, and willful act of plaintiff in suing out the writ of sequestration and evicting him from the residence on the 75-acre tract.

That amended answer was filed March 22, 1923. The case was tried on March 29, 1923. On that day the defendant filed a trial amendment, in which he alleged that on July 1, 1920, he leased the 75-acre tract and the house situated thereon from plaintiff Furr for the year 1920, and that after making said lease he and the plaintiff entered into another agreement by the terms of which plaintiff contracted to lease and the defendant contracted to accept the 70 acres known as the Carter tract in exchange for the lease of the 75-acre tract, but that plaintiff failed to carry out said agreement of exchange. On the same day the defendant filed a supplemental answer, in which he repeated the allegations in his amended answer to the effect that his wife has suffered great physical and mental pain by reason of the eviction, which he further alleged was wrongful,

willful, and malicious on the part of plaintiff, and by reason of which he sought a recovery of $2,500 as exemplary damages.

In the judgment rendered no disposition was made of plaintiff's suit for title to the property. It seems that plaintiff's suit for title was abandoned, and that the trial was had entirely upon the defendant's cross-action for damages, since the plaintiff does not complain here of the failure of the court to award him title to the land, or that the judgment was not final by reason of the failure of the court to dispose of that issue.

It will be noted that the trial amendment alleges a different cause of action from that alleged in the first amended original answer. The causes of action are different because in the amended answer damages were claimed for an alleged breach of plaintiff's contract to lease him the Carter tract of 70 acres for the year 1920. In the trial amendment the cause of action was for an alleged breach of a lease expressly made to him by the plaintiff of the 75-acre tract for the year 1920. There is no formal showing in the record of an abandonment by the defendant of the cause of action first alleged, or that two different causes of action on entirely different and conflicting facts were alleged through inadvertence or mistake, although in briefs for the appellee it is asserted that such was true. It seems, however, that counsel for defendant tried the case upon his trial amendment, judging from the testimony introduced by him.

The defendant testified that he by express agreement leased the 75-acre tract from plaintiff, Furr, about the 1st day of January, 1920, for the year 1920; that some time in February, 1920, he and plaintiff entered into a contract, by the terms of which it was agreed that the plaintiff would lease to him the Carter tract in lieu of and in exchange for the lease which he already held on the 75-acre tract, and that plaintiff refused to carry out that agreement and later evicted him from the 55-acre tract. The defendant also introduced other witnesses who testified to the effect that plaintiff did agree to lease to defendant the Carter tract for the year 1920. However, those witnesses did not testify to a lease by plaintiff to the defendant of the 75-acre tract for the same year. The plaintiff testified that he did not lease the 75-acre tract to Jones for the year 1920, but that he leased the land to Jones for the year 1919, and permitted him to remain in possession after the expiration of that year for the sole purpose of giving him an opportunity to finish gathering his crop; that he leased the 75-acre tract to Adam Furr for 1920 to put in grain, but leased the residence on the tract to another man by the name of Walker, who was to take possession of it as soon as Jones vacated it, and that Jones remained in possession with Walker's consent until he could finish gathering his crop.

[1] Thus, both by pleadings of defendant and testimony on both sides, the issue to be determined by the jury was whether or not the plaintiff had by an express agreement leased the 75-acre tract to Jones for the year 1920? The trial court did not submit that issue, but in lieu thereof submitted these issues:

"(1) Did Boob Furr permit and allow C. L. Jones to hold over as a tenant upon the 75-acre tract described from the year 1919, until he was dispossessed?" To which issue the jury answered: "Yes."

"(2) Was such occupancy by Jones subject to any condition? Answer: No."

[2] Evidently the findings of the jury upon those issues were made the primary basis of the judgment of the trial court in defendant's favor. Before the court submitted the charge to the jury the plaintiff objected to the submission of issue No. 1, on the ground that the same was not warranted either by pleading or evidence, and the submission of that issue is made the basis of an assignment of error by plaintiff. We are of the opinion that that assignment should be sustained, and by reason of that error the judgment must be reversed. The mere permission to hold over the land after the termination of the lease may raise a presumption of an agreement by both parties for an extension of the lease for another year, but that presumption is not conclusive as against positive testimony to the contrary. Especially is this true when the tenant testifies that the lease was renewed by an express agreement, and when he relies upon such express agreement in his pleadings and does not plead a tenancy by holding over. Street-Whittington Co. v. Sayres (Tex. Civ. App.) 172 S. W. 772; Puckett v. Scott, 45 Tex. Civ. App. 392, 100 S. W. 969; 16 R. C. L. pp. 1160 to 1168.

[3] The defendant testified that after he moved from the house in question his wife was ill, and on account of her illness he had to incur expenses for medicine and for doctor's bills. He further testified that he could not tell how much time his wife lost from her work on account of her illness, and further testified as follows:

"I guess I was damaged $100 or $200 on my wife's health. She lost all the way from a week to two weeks at a time, and right after we were evicted from this house she was disabled to do any work for right around a month. Her services would have been worth a whole lot to me. I guess it would have been worth $400 or $500 to me."

He further testified that his wife was ill before the move. Special damages apparently were awarded, in part at least, on that testimony.

The assignment of error addressed to the admission of that testimony over plaintiff's objection is also sustained. In addition to the fact that the testimony consisted wholly of conclusions of the witness as to the amount of damages sustained without a statement of any facts upon which to base such opinions, and which for the most part were vague and indefinite, there was no testimony to show any predicate for a recovery of the same as special damages, even if the same could be recovered as such, which question we are not called upon to decide and do not determine, since there was no proof of notice to the plaintiff of the wife's illness at the time of the eviction, and that an aggravation of such illness might reasonably be expected as a result of the eviction.

The Carter place mentioned above was not owned by the plaintiff, but was held and leased by him as agent for the owner. In reply to the defendant's first amended original answer, the plaintiff filed a plea in abatement to require the owner of the Carter place to be made a party to the suit. Since the defendant apparently abandoned the cause of action set up in his first amended answer, and relied solely upon the cause of action set up in his trial amendment, it becomes unnecessary to discuss the assignment of error addressed to the refusal of the court to sustain the plea in abatement.

For the reasons noted, the judgment is reversed, and the cause is remanded.