## CAMPBELL PAINT & VARNISH CO. v. LADD FURNITURE & CARPET CO.

### No. 13136.

Court of Civil Appeals of Texas.
Fort Worth.

April 12, 1935.

Rehearing Denied June 7, 1935.

McGown & McGown, B. E. Godfrey, and H. L. Logan, Jr., all of Forth Worth, for appellant.

Leroy A. Smith and Van Zandt Smith, both of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellee held a five-year lease from appellant, terminating on April 1, 1929, with an option to renew for an additional five years. In January, 1929, Ladd, president of appellee, approached Heston, Fort Worth manager for appellant, which is a Missouri corporation with many retail stores scattered through various states, and told him appellee would not claim the tenancy under the option, and in March offered to Heston to rent from month to month at the same price. To this Heston agreed, and appellee remained in possession for more than a year, finally vacating.

The issue made by appellant on the merits is the authority of Heston, for it contends that Heston was without authority, and that the holding over by appellee is an election to take for five years under the option.

Appellee leased only a part of the second floor of the building, the first floor of which was occupied by appellant in the conduct of its retail paint store. When appellee rented same in 1924, the negotiations were conducted and terms agreed with Heston's predecessor local manager, but the final written lease was consummated by appellant's "land man." The rent was paid monthly as per the terms of the lease to Heston, as was also the monthly rental after April 1, 1929.

The jury found that Heston had actual and apparent authority to make the lease. Apparent authority is that which an agent appears to have by the reasonable deductions to be drawn from his doing of that which he actually has authority to do. Thompson v. Keys (Tex. Civ. App.) 162 S. W. 1196; McAlpin v. Cassidy, 17 Tex. 449, 450. To word it differently, Heston, as manager of the Fort Worth store of appellant, had apparent authority to do for his master those things which are in the usual course of the business. Collins & Douglas v. Cooper, 65 Tex. 460; Bleich & Co. v. Emmett (Tex. Civ. App.) 295 S. W. 223. "Usual" and "frequent" are not synonymous as the former is used here, for if the transaction is one that should reasonably be considered to be a part of the duties of one who is the managerial head of the local business institution and thereby custodian of its building, then same is within the apparent scope of his authority, even though a decision as to the occupancy of an unused portion of the premises does not have to be made frequently. He who deals with an agent has two sources to secure information as to the authority of the agent. One is to inquire of the principal, and the other is to observe correctly that which the agent does by the authority of the principal. The former source is many times unavailable. Therefore the principal, in delegating authority to an agent, must realize that those who deal with the agent as such will, with all justification of reason, gauge the agent's authority by the tasks at which the principal has set him. Federal Supply Co. v. Wichita Sales

& Supply Co. (Tex. Civ. App.) 232 S. W. 879. The different words which the various decisions have used to lay down the law in determining the agent's authority all found themselves upon the same theory and should furnish the same yardstick. Kauffman & Runge v. Robey, 60 Tex. 308, 48 Am. Rep. 264; 2 Tex. Jur. 425, 426.

■■ Apparent authority must be relied upon and believed under circumstances which justify such reliance. In view of the evidence that the original lease to appellee·was negotiated for by the local store manager of appellant, but same was actually signed and delivered by an especial representative of appellant, we believe an issue of fact is made as to whether Ladd, the president of appellee, was justified in believing that Heston had authority to make a month to month contract with him for the premises. This issue has been resolved by the jury in favor of appellee, but in the argument to the jury on that issue counsel for appellee took a slip of paper from his pocket and testified to the jury that it was a certain dictionary's definition of "manager." Over the objection of counsel he was permitted to read the same to the jury. This was prejudicial error. Dictionaries are supposed to record meanings already established for words. Whether a particular dictionary does so with reference to a particular word is a question which scholars have found rich field for controversy, sometimes acrid. In the first place, counsel makes an unsworn witness of himself to testify that such definition is in any dictionary. Secondly, if a word has a meaning as used in the trial different from its general meaning, the court will define it in his charge; if it is used in its general sense, the jury is presumed to know it, and cannot be instructed by counsel as to what somebody else thinks it means, even though that other be an editor. Corpus Christi St. & Interurban R. Co. v. Kjellberg (Tex. Civ. App.) 185 S. W. 430; Lightburne v. First National Bank (Tex. Civ. App.) 232 S. W. 343.

■ Likewise, we agree with appellant that the argument of counsel that "this great chain store is here in court jumping on a local man" was improper argument, and that the trial court should have sustained appellant's objection thereto and should, in appropriate language, have relieved the jury's mind, as far as he could, of any such appeal to passion. While we

would have some hesitancy in reversing this cause if this were the only error, it is ·no justification to say the record shows the appellant to be a chain store, and that the president of appellee is a "local man." Evidence is ofttimes admissible for one purpose and not proper to be used for another.

■ When Ladd gave Heston notice that appellee would not continue as tenant under the option for the extending five years, he was· not acting by any requirement to that effect in the lease, and hence those decisions, which hold that an agent with authority to collect money does not ipso facto have authority to surrender rights of the principal in connection with the money which such agent has authority to collect, such as Russell v. Brooks (Tex. Civ. App.) 254 S. W. 404; Hill v. Bess (Tex. Civ. App.) 40 S. W. 202, are not controlling. Appellant had no vested right to require appellee to remain its tenant during the optional five years. Appellee had an election to extend its lease for the second five years or decline to do so. It elected to decline. This meant that it would not pay the $50 per month for five years. It notified the person who was the collector of the rent that it would not so pay him under the lease contract. Moreover, that person, Mr. Heston, was also the person in charge of the building which it proposed to vacate unless other terms could be made. It cannot be said that Heston was the agent of appellant only to sell its merchandise, for certainly he was more than that by his admittedly authorized connections with appellee's tenancy. We have therefore concluded that the notice which appellee gave to Heston that it declined to extend for five years was notice to appellant. Crabb v. Uvalde Paving Co. (Tex. Com. App.) 23 S.W.(2d) 300; Southern Pac. Co. v. McCready (C. C. A.) 47 F.(2d) 673; Id., 284 U. S. 624, 52 S. Ct. 10, 76 L. Ed. 532; Oliver Farm, etc., Co. v. Martin (Tex. Civ. App.) 68 S.W.(2d) 333; Bergman·Produce Co. v. Brown (Tex. Civ. App.) 172 S. W. 554. In the Crabb Case, notice to a foreman who did not have authority to contract was held notice to the company, and in the McCready Case, notice to an inspector without authority to turn company's electric current·off was held to be notice to bind the company for failure to turn off such current. Heston obtained this notice while acting in the business of his principal and within the actual scope of his authority both as collector of rents and manager of its retail store.

Now in its last analysis the extension of a lease by holding over under an option to extend is one of intention—an intention which the law implies from an unqualified holding over. Shipman v. Mitchell, 64 Tex. 174; Furr v. Jones (Tex. Civ. App.) 264 S. W. 164; Puckett v. Scott, 45 Tex. Civ. App. 392, 100 S. W. 969. In this case both appellant and appellee knew that appellee did not so intend. Assuming that Heston was without authority to make the new lease on a per month basis, then appellee was liable for the reasonable rental value of the premises it occupied belonging to appellant. This is no suit for rental during the period after April 1st that appellee occupied such premises.

The judgment of the trial court is affirmed.