**S. P. BARKER, d/b/a Barker Construction Company, Appellant,**

**v.**

**MALACORD AND SON GLASS COMPANY, Appellee.**

**No. 16498.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 24, 1964.

Nelson, Montgomery & Robertson, and Otis E. Nelson, Wichita Falls, for appellant.

Irvin J. Vogel, and Joe E. Shaddock, Wichita Falls, for appellee.

RENFRO, Justice.

This is a venue case.

The plaintiff, Malacord and Son Glass Company, a partnership, sued Barker Construction Company, Continental Casualty Company and the Electra Independent School District. Plaintiff alleged it furnished labor and materials to Barker Construction Company, who used said labor and materials in the construction of an elementary school in Electra, Texas, constructed under contract between Barker, as prime contractor, and the Electra Independent School District, and that Continental Casualty executed a payment bond in accordance with law indemnifying Barker for the protection of all claimants supplying labor and materials to the said Barker as prime contractor; that plaintiff furnished labor and materials itemized in Group 1 and Group 2 set out in the petition. Plaintiff alleged that $6,390.00 was furnished under Group 1 and $593.42 was supplied under Group 2; after offsets plaintiff was entitled to a balance of $6,983.42.

Electra is situated in Wichita County.

Defendant Barker, who does business under the name of Barker Construction Company, filed a plea of privilege to have the case as to him transferred to Hardeman County, the county of his residence.

By controverting affidavit plaintiff claimed venue in Wichita County under Art. 5160, Vernon's Ann.Civ.St., and subdivisions 4, 5, 23 and 29a of Article 1995, V.A.C.S.

The other defendants filed general denials.

Defendant Barker's plea of privilege was overruled.

By separate points of error Barker contends that plaintiff failed to prove venue in Wichita County under any of the above statutory provisions.

Plaintiff concedes he did not prove venue under Article 5160, but contends he did prove sufficient facts to retain venue in Wichita County under one or all of the subdivisions of Art. 1995 set out in his controverting affidavit.

The charges set out in Group 1 of plaintiff's petition were incurred under a written contract between plaintiff and Barker. Said contract did not provide for payment in

Wichita County. The materials set out in Group 2 were furnished Barker for work done in addition to and apart from the prime contract and were requested by Barker. The last invoice for materials for $298.00 under Group 2 was signed by H. E. Martin, superintendent on the job for Barker, and provided for payment in Wichita County.

As to subdivision 5, Barker contends Martin had no authority to bind Barker to pay the account in Wichita County, and that there was no consideration for the execution of the agreement by Martin after the materials were furnished.

Plaintiff testified Barker ordered the extra work represented by the invoice; Martin signed it as work done "for an extra"; Martin was in full charge of the construction project; all complaints were taken to Martin; Martin lined up the work for the glaziers; he told what he wanted installed first, second, third, etc.; he told plaintiff when to do his work; plaintiff's work started in April or May, 1962, and was completed in September; Martin was on the job all the time and received all complaints and gave all orders; Barker said to plaintiff, regarding the labor and materials set out in the invoice, "do it as fast as we could" because he was on a time element; Barker did not pay for the "extra"; all "this work and materials" were done in Wichita County. Plaintiff's work was accepted and the school building is in use; the work represented by the invoice was done August 6 through 10, and the invoice was signed by Martin on the 10th after the work was completed; Martin was superintendent for Barker on the school building job.

Neither Barker nor Martin testified.

Subdivision 5 provides in substance that when a person has contracted in writing to perform an obligation in a named county, suit upon such obligation may be brought against such person in such county.

█ Where a principal has, by his voluntary act, placed an agent in such situation that a person of ordinary prudence, conversant with business usages, is justified in presuming the agent has authority to perform the particular act, and so deals with the agent, the principal is estopped as against the third person from denying the agents' authority. Federal Supply Co. v. Wichita Sales & Supply Co., Tex.Civ.App., 232 S.W. 879.

In our opinion Barker clothed Martin with the indicia of authority which would lead a prudent person to believe that he had actual authority to bind Barker to pay for the extras in Wichita County. The evidence is sufficient to support the court's implied finding that Martin was the duly authorized agent for Barker and acting within the scope of his actual and apparent authority in contracting with plaintiff to pay for the extras in Wichita County. Pursuant to such authority, he signed the invoice in question. Under the record his action in signing the invoice providing for payment in Wichita County was binding on Barker.

█ We overrule defendants' contention that there was no consideration for the execution of the invoice. This court, speaking through its then Chief Justice Conner, in Brison v. Continental Oil Co., Tex.Civ. App., 48 S.W.2d 442, error refused, said: "The invoices warrant the conclusion that a credit for payment of 30 days was extended; and it is not suggested that payments were made at the time of delivery. Under the circumstances, therefore, sales evidenced by the invoices under consideration were not complete until the invoices were signed, the order, the delivery, and signature on the invoices constituting the completed transaction. The delivery of the oil and gasoline as ordered certainly constituted a consideration for a promise on appellants' part to pay therefor. And we find it said in Texas Jurisprudence, vol. 10, § 68, that: '* * * A written contract shown to have been voluntarily signed by the party sought to be charged will be presumed to be supported by a sufficient consideration until the contrary appears.'"

The evidence shows that Barker ordered the labor and material shown on the invoice signed by Martin and that plaintiff performed his part of the agreement. The invoice shows, "Terms: 1% 10 days–30 days * * *."

The performance by plaintiff of his obligation constituted a consideration for a promise on Barker's part to pay therefor.

Since we are satisfied the trial court was correct in holding venue in Wichita County by virtue of Sub. 5, we forego decision as to whether venue could have been maintained in Wichita County under any of the other pleaded subdivisions.

Affirmed.