**MECHANICAL WHOLESALE, INC.,**
**Plaintiff-Appellee,**

v.

**UNIVERSAL–RUNDLE CORPORA-**
**TION, Defendant-Appellant.**

No. 28564.

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1970.

Rehearing Denied Oct. 19, 1970.

John F. McClure, Chicago, Ill., Tom Ramey, Jr., Tyler, Tex., for defendant-appellant; Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., Ramey, Brelsford, Flock & Devereux, Tyler, Tex., of counsel.

Franklin Jones, Sr., Franklin Jones, Jr., Marshall, Tex., for plaintiff-appellee; Jones, Jones & Baldwin, Marshall, Tex., of counsel.

Before GEWIN, GOLDBERG and SIMPSON, Circuit Judges.

GOLDBERG, Circuit Judge:

This is a breach of contract action on its second appearance before this court. In this second round we strive· for finality and affirm the remanded rematch.

The problems here involved had their inception in November, 1964, when Victor Schaffer founded Mechanical Wholesale, Inc. (Mechanical), the plaintiff. Mechanical became the wholesaler in Austin, Texas, for the plumbing fixtures and accessories manufactured by Universal-Rundle Corporation (Rundle), the defendant. Even though it was a relatively new company, Mechanical, apparently at the behest of Rundle's agents, decided to bid on a contract to supply the plumbing fixtures and accessories for a large commercial construction project at Fort Hood, Texas. In December, 1964, Porter Plumbing and Heating of Austin was awarded the sub-contract to install the plumbing fixtures and accessories and Mechanical bid to supply Porter with this equipment. Porter was reluctant to deal with Mechanical because Mechanical was unknown in the trade, but eventually Porter agreed to accept Mechanical's bid if Rundle would guarantee Mechanical's performance on the entire order. The parties disagree over whether or not Rundle through its agents ever agreed to furnish this guaranty. It is clear, however, that when the written guaranty was forwarded to Rundle for signing, Rundle refused to formally execute the contract. As a result Porter cancelled its order from Mechanical and Mechanical lost the Fort Hood job.

Mechanical then brought this suit against Rundle, alleging that due to Rundle's refusal to abide by its agreement to guarantee the Fort Hood contract Mechanical sustained damages for the lost profit on the Fort Hood job and lost profits on other commercial jobs which it would have obtained but for the injury to its reputation occasioned by the Fort Hood incident. The jury found for Mechanical, awarding damages of $137,500, and Rundle appeals. Finding no error in the trial court's conduct of this case, we affirm.

### The Contract

▮ Rundle first alleges that the trial court committed reversible error in submitting to the jury the question of whether or not Rundle agreed to guarantee Mechanical's performance on the Fort Hood contract. It is Rundle's position that there was no contract as a matter of law because (1) Rundle refused to sign the written contract and (2) its agents were not authorized to bind the company to any such agreement. Both arguments are without merit. Under Texas law

" * * * where the parties agree that a contract entered into by them orally shall be embodied in a formal writing and signed by them before a binding agreement is consummated * * * there is no binding contract until that has been done, but if they intend their agreement shall be effective from the time when it is made, it will be given effect from that time though they agree or intend that a formal writing embodying its provisions shall subsequently be prepared and signed." Vick v. McPherson, Tex.Civ.App.1962, 360 S.W.2d 866, 868, error ref. n. r. e. (citation omitted).

Here the trial judge properly instructed the jury on the law, and the jury obviously determined that the parties had agreed that Rundle's promise to guarantee the purchase order was to be effective immediately even though it was intended that a written guaranty would later be signed. There is ample evidence to support the jury's verdict in this respect. Its decision must therefore be upheld.

▮ Rundle's second contention is that even if the contract was intended to be effective without a formal written agreement there was no evidence to show that the agents of Rundle had authority to bind the company to such a contract. We find this contention without merit. An agent has the apparent or implied authority to do those things which are usual and proper to the conduct of the business which he is employed to conduct. Campbell Paint & Varnish Co. v. Ladd Furniture & Carpet Co., Tex.Civ.App. 1935, 83 S.W.2d 1095, error dism'd; North Texas Oil & Refining Co. v. Standard Tank Car Co., Tex.Civ.App.1923, 249

S.W. 253, error dism'd; Manhattan Life Inc. Co. v. Stubbs, Tex.Comm'n App. 1921, 234 S.W. 1099. Third parties dealing with agents may presume that the employee has the authority to transact the business he is employed to conduct. Manhattan Life Ins. Co. v. Stubbs, *supra.* In the instant case it is quite clear that the alleged negotiators, Wallace and Harber, were the district sales manager and regional sales manager, respectively, for Rundle. They were employed to represent Rundle in the sale of merchandise to dealers like Mechanical. The contract here in dispute related to and was in furtherance of such a sale. Under the circumstances, therefore, we think there was a fact issue to be resolved by the jury as to whether Wallace and Harber by virtue of the business they were employed to conduct had apparent or implied authority to make such a contract. Campbell Paint & Varnish Co. v. Ladd Furniture & Carpet Co., *supra;* Wichita Falls Electric Co. v. Huey, Tex.Civ.App.1923, 246 S.W. 692. The jury resolved this issue adversely to Rundle and we perceive no justification to disturb that determination.

## The Damages

Rundle's third contention is that Mechanical failed to introduce any probative evidence that Mechanical suffered damages due to the loss of the Fort Hood contract and further that Mechanical because it was a new business was not entitled to damages for loss of good will. Without going into a detailed examination of the evidence we note that Mechanical introduced sufficient evidence to show that it had suffered some damage as a result of the lost contract at Fort Hood. The fact that the exact amount of the loss was uncertain because some extra expenses of performance might have occurred does not defeat Mechanical's right to recover. Such exactitude of proof is not required. Pace Corp. v. Jackson, 1955, 155 Tex. 179, 284 S.W.2d 340; Southwest Battery Corp. v. Owen, 1938, 131 Tex. 423, 115 S.W.2d 1097. The evidence was suffi-

cient to present a fact question and this question was properly submitted to the jury. Furthermore, the mere fact that Mechanical was a new business does not automatically exclude its claim for future lost profits. Pace Corp. v. Jackson, *supra.* Though new, Mechanical had a rapidly growing business. There was evidence from which the jury could have concluded that but for the breach Mechanical's commercial business would have grown at the same rate its other sales grew. Mechanical was entitled to recover profits which would have accrued from any normal increase in business if that increase failed to occur as a result of Rundle's breach. The fact that such damages are difficult to measure and by their nature are uncertain in amount does not render such damages unrecoverable. "A party who breaks his contract cannot escape liability merely because it is impossible to state or prove a perfect measure of damages." Southwest Battery Corp. v. Owen, *supra,* at 1099.

Rundle also complains that the jury award of $137,500 was excessive and unconscionable. In assessing such a contention this court is limited to determining whether the trial court abused its discretion in denying a motion for a new trial based on the claim that the damages are excessive. St. Louis Southwestern Railway Co. v. Williams, 5 Cir. 1968, 397 F.2d 147; Phoenix Indemnity Co. v. Givens, 5 Cir. 1959, 263 F. 2d 858. The refusal to grant a new trial is a matter within the sound discretion of the trial court and its determination should be overturned only in exceptional circumstances. Baker v. Dillon, 5 Cir. 1968, 389 F.2d 57; Rosiello v. Sellman, 5 Cir. 1965, 354 F.2d 219. Here we find no such exceptional circumstances. There was evidence from which the jury could have concluded that Mechanical lost the opportunity to make sizeable commercial plumbing sales due to Rundle's breach. Under such circumstances we cannot say that the trial court was guilty of an abuse of discretion in allowing the jury's verdict to stand.

232

We conclude, therefore, that this case was properly submitted to the jury. The jury rendered its verdict, and that verdict is supported by the evidence. Supersession of jury verdicts is our extraordinary rather than our ordinary role. We have examined appellant's other points of error and find them without merit.

The decision of the trial court is affirmed.