**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jesus Lozano SANCHEZ and Jesus Garcia Rivas, Defendants,**

**Surety Insurance Co. etc., Defendant-Appellant.**

No. 75–2229
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1975.

Rehearing Denied Jan. 12, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Tony Aguilar, El Paso, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Fred Everett was an agent for Surety Insurance Company to execute bail bonds in the Southern District of Texas. Unknown to Surety Everett was fraudulently altering the individual powers of attorney which accompanied the bonds. When two defendants for whom Everett had written $20,000.00 appearance bonds failed to appear, the Government successfully moved to forfeit the bonds. Surety then moved to remit, claiming no liability because of the fraud of its agent, Everett. The District Court held for the Government. We affirm.

Everett was registered with the Court as an attorney in fact for Surety with a general power of attorney to write bonds up to $50,000.00, so long as each bond was accompanied by an individual, numbered power of attorney. Surety mailed the individual powers from its California office with the maximum amount for

which that particular power could be used, its expiration date, and the serial number already inserted. Everett apparently had an in-house limitation for each power of $5,000.00, although he occasionally possessed powers of $10,000.00. Everett was fraudulently altering the individual powers by retyping the maximum to allow him to write bonds for more than $5,000.00 or $10,000.00.[1] Surety received only the unaltered coupons showing the $5,000.00 limit and their percentage of $5,000.00. Surety learned of Everett's scheme when the Government obtained judgment against them in January 1975. After an extensive evidentiary hearing on Surety's motion to set aside the judgment, the District Court held for the Government on the basis of Everett's apparent authority to write bonds of up to $50,000.00.

The District Court correctly stated the law that a principal can be held liable for even fraudulent acts of its agent if the agent had apparent authority. *Mechanical Wholesale, Inc. v. Universal-Rundle Corp.*, 5 Cir., 1970, 432 F.2d 228, 230. The evidence substantially supports the District Court's finding of apparent authority. Everett was registered with the Court as an agent of Surety and the Court had no reason to know of the in-house limitation.

There is a caveat, however, to the principle of apparent authority. The principal is liable only if the third party "reasonably believed the agent was acting within the scope of his authority." *Bankers Life Insurance Co. v. Scurlock Oil Co.*, 5 Cir., 1971, 447 F.2d 997, 1005 n. 12. This belief can be based on the fact that the agent's actions were not a substantial departure from his usual methods and conduct of business so as to warn an ordinary prudent person that he lacked the authority to act. *Great American Insurance Co. v. Sharpstown State Bank*, Tex.1970, 460 S.W.2d 117, 122. Everett's usual business was to ex-

ecute bonds and the Court knew only of his $50,000 limit. The District Court found, therefore, that the magistrate, the Court official accepting the powers, reasonably believed that the powers were valid and that he was not derelict in failing to detect the alterations. While some observers of the powers might more readily conclude that the powers were altered,[2] we cannot say that the conclusion of the District Court on this question of fact was clearly erroneous. *See Volkswagen of America, Inc. v. Jahre*, 5 Cir., 1973, 472 F.2d 557, 558–59. Therefore, as between two innocent parties, the District Court correctly decided that the loss must be borne by Surety. *Bankers Life Insurance Co. v. Scurlock Oil Co., supra,* at 1006.

Affirmed.

---

1. The bonds for the defendants were for $20,000.00 and the powers were altered to show a $25,000.00 and a $30,000.00 maximum.

2. Surety emphasized that the powers clearly stated that they were "void if altered or erased . . . ."