NORTEX FOODS, Inc., Appellant,

v.

Sykes BURNETT, Appellee.

No. 14925.

Court of Civil Appeals of Texas.

Dallas.

April 8, 1955.

Rehearing Denied May 6, 1955.

Allen Clark and G. C. Harris, Greenville, for appellant.

L. L. Bowman, Jr., Greenville, for appellee.

CRAMER, Justice.

Appellant Nortex Foods, Inc., filed this suit against appellee Sykes Burnett for a declaratory judgment as to its rights under a written lease contract, which it, as lessee, had with appellee Sykes Burnett, dated Sept. 6, 1952 wherein it leased and entered into the possession of a building in the City of Greenville on Sept. 6, 1952 for a term of one year. Such lease, in addition to the usual provisions, contained the following:

"11th. It is agreed and understood that any holding over by the lessee of the hearby leased premises after the expiration of this lease shall operate and be construed as a tenancy from month to month at a rental of $150.00.

"12th. Lessee is hereby granted the option to renew this lease for additional terms of one year each, not to exceed ten (10) years in all, at the same price and upon the same terms by notifying lessor thirty (30) days in advance of the termination date of such lease."

The question sought to be adjudicated is whether or not the lease had been effectively renewed for the second year under the facts Nortex alleged in its petition, and by evidence shown in substance, to be: After it entered into possession under the lease it made valuable improvements with the knowledge of Burnett in an amount of approximately $2,000 and paid rents in accordance with the contract; that through inadvertence Nortex did not expressly notify Burnett of its intention to renew the contract for the second year, but remained in possession and continued to pay out rent in accordance with the terms of the contract which appellee accepted without objection, question or inquiry until on or about March 11, 1954 when Burnett made demand that Nortex surrender possession not later than April 30, 1954. Nortex further alleged that

such acts of Burnett constituted a waiver of the notice required by the lease contract to renew and extend the lease for a one-year period and that it was legally in possession of the premises for the second year of the lease.

Burnett answered by general denial, especially that he has done no act inconsistent with the provisions of the written lease; that there has been no agreement of any character other than the original written lease, and denied his acts or conduct have in any manner constituted a waiver of the required notice; that Nortex was holding the property from Sept. 30, 1953 under a month to month tenancy at $150 per month and that the same was terminated by him on March 11 by his giving Nortex notice to vacate about 40 days earlier. By cross action Burnett sought recovery of $200 per month rent from May 1, 1954 until the delivery of possession to him.

Nortex by trial amendment answered that its continued occupancy of the building after Sept. 26, 1953, and its payment of rent thereon when due for a period of almost six months thereafter, and Burnett's acceptance of same, constituted notice to Burnett of Nortex's intention to continue to occupy the premises for an additional period as provided in the lease; that Burnett is estopped to deny such right; that such acts constituted a waiver of such right, and further notice of its intention to occupy the premises for an additional term under the lease.

A trial to the court resulted in the court's finding that the contract "became a contract of tenancy from month to month on October 1, 1953, under and by virtue of the provisions of said contract. The court is of the further opinion and finds that said contract was terminated by defendant herein by written notice effective April 30, 1954." The court further found damages of $200 per month from May 1, 1954 until possession is delivered by Nortex to Burnett, plus court costs.

This appeal has been duly perfected from that judgment. Appellant Nortex briefs but one point of error, as follows: "The undisputed evidence showed that the lessor knew that valuable and permanent improvements had been made by the lessee during the first year of the lease contract. The lessee failed to give notice of the intention to renew the lease within the time provided therein but continued in possession of the property and paid rent which was accepted by the lessor without any objection, question or inquiry. Waiver of the notice, if any notice was required, by the lessor was shown by the undisputed evidence and exists as a matter of law and the court erred in rendering judgment for the defendant." Appellee Burnett counters: "When a lease contains a clause specifically providing that any holding over shall be a tenancy from month to month, no implied waiver of a requirement for notice of intention to exercise an option to renew may occur."

The general rule is that when a lease provides for a notice in a certain form to be given to effect the right of renewal given in a contract provision, that such notice is necessary to effect the renewal, absent equitable bars to such a result. Here, the lease itself in paragraph 11 provides for a definite relationship of the parties, absent the notice provided for in paragraph 12. Such paragraph 12 puts the affirmative action to accomplish the renewal on Nortex, not Burnett. Such provision bound the parties and here precluded, in paragraph 12, the construction contended for by appellant. See 32 Am.Jur. 820, Landlord and Tenant, sec. 976.

The distinction between an option to renew, and one to extend the first term, is set out in 32 Am.Jur. 820. In sec. 976, for "extend" and in sec. 977 for "renewal" provisions in contracts. The lease contract here involved is governed by the rule in sec. 977, supra, as follows: "A lessor's covenant or agreement to renew gives a privilege to the tenant, but is nevertheless an executory contract, and, until the tenant has exercised the privilege by way of some affirmative act, he cannot be held for the additional term. Usually, the renewal provision con-

tains some stipulation regarding notice of an intention or desire to renew, or provides for a given result to follow from failure to give notice. * * *." And in Pocket Part to 32 Am.Jur., there is a note adding the following to sec. 977, as follows: "Where the lease stipulates that the lessee give notice of his desire to renew, providing that in failure to do so the lessee would remain a tenant in possession only as tenant from month to month, such requirement of notice will not be disregarded." We also adopt the rule in sec. 978, as follows: "* * * Under a provision designating the time within which notice must be given, it has been held that time is of the essence, and such provision is to be strictly construed * * *."

Under the provision in the contract here, the rule set out in sec. 978, supra, is applicable and controlling.

■ The parties wrote their own contract and this Court cannot, absent compliance by the party whose affirmative action is required, relieve such party of the effect of his failure to take the affirmative action required therein to renew the lease. The record shows Burnett testified he was in the leased building and talked with Nortex's agent several times within the period in which Nortex had the option to renew, for the purpose of receiving such notice if Nortex desired to give it. Nortex did not give notice, and does not claim that it gave such notice, either orally or in writing. Silence by Burnett is not a waiver and does not create an estoppel against Burnett, since the affirmative action is required of Nortex, not of Burnett. The contract is plain and provides for the result of such silence.

From such record we cannot say there are equitable grounds upon which to base a judgment or decree relieving Nortex of the legal effect of the provisions of his written contract. Point 1 is overruled, and the judgment of the trial court is

Affirmed.