Earl CORPIER, Appellant,

v.

C. T. LAWSON, Appellee.

No. 4016.

Court of Civil Appeals of Texas. Waco.

March 29, 1962.

Rehearing Denied April 19, 1962.

Doyle J. Borchers, Clifton, C. O. McMillan, Stephenville, for appellant.

Cureton & Cureton, Jack Railsback Meridian, for appellee.

WILSON, Justice.

The sole question in this case is whether lessee, by continuing possession of leased premises and paying rental, is to be held to have exercised an option to renew a written lease as the trial court concluded; or thereby became a tenant from month to month.

Appellant and his lessor executed a printed form contract dated March 7, 1957, by

which appellant became lessee of a business building for the term of one year beginning April 1, 1957 and ending March 31, 1958 at a fixed annual rental payable "$75.00 per month in advance." Appellant continued to occupy the building and made payment of monthly rentals during the remainder of 1958. Thereafter he made payments of $75.00 per month until September, 1960, when he vacated the premises. In June, 1960 he notified lessor by letter that September, 1960 would be his last month of occupancy. Lessor's assignee recovered judgment on motion for instructed verdict for the balance of rentals which would have been due for an unexpired one-year term ending March 31, 1961.

The lease contained a printed provision: "It is agreed and understood that any holding over by the lessee of the hereby leased premises after the expiration of this lease shall operate and be construed as a tenancy from month to month at a rental of $————." The numeral "75" was typed in the terminal blank.

By typewriting there was inserted in the form the provision: "Lessee is hereby given an option to renew this lease annually for a period of ten years from this date. Lessee agrees to pay said lessor one year's rent in advance in case said lessee quits or goes out of business for any cause."

Appellee relies on the general rule that lessee's continued occupancy and "monthly payment of rent in accordance with the terms of the contract after the expiration of the primary term" constituted an election to exercise his option and was sufficient notice to the lessor, since the contract required no formal notice. Willeke v. Bailey, 144 Tex. 157, 189 S.W.2d 477, 481. It has been held that the effects of the distinction between the terms "extension" and "renewal" are not recognized in Texas so as to require formal execution of a new lease to effect renewal. Haddad v. Tyler Production Credit Ass'n., Tex.Civ.App., 212 S.W. 2d 1006, 1008, writ ref.

The implication or presumption arising from the "strict holdover doctrine" relied on, however, is qualified. It arises only "in the absence of an express or implied agreement to the contrary". Willeke v. Bailey, above; Jones v. Winter, Tex.Civ. App., 215 S.W.2d 654, 656, writ ref. n. r. e.; Hunger v. Toubin Bros. Inc., Tex.Civ.App., 164 S.W.2d 765, 66 writ dism.; Nortex Foods v. Burnett, Tex.Civ.App., 278 S.W.2d 485, 487; Hill and Redman, Landlord and Tenant (10th ed.) Sec. 15, p. 28; 32 Am. Jur. Sec. 940, p. 793; 51 C.J.S. Landlord and Tenant § 73, p. 622.

"Necessarily, rules as to holdover tenancies have no application where there is a contrary mutual understanding as to the tenant's continued occupancy of the premises. Such an agreement takes the place of the presumption as to holding over that the law otherwise raises." Consequently, "the parties to a lease may therein expressly provide for a holding over, and what the nature of the tenancy shall be after the expiration of the term, and such an agreement will govern, and a periodic tenancy will not arise." 32 Am.Jur. Sec. 936, p. 790. See also I Tiffany, Real Property (3rd Ed.) Sec. 177; III Thompson, Real Property (1959) Sec. 1119; Bennett, Landlord and Tenant, Sec. 103; I Amer. Law Real Prop., Secs. 3.26–3.33.

Judgment is reversed and here rendered for appellant.