**HALTOM CITY STATE BANK, Appellant,**

v.

**KING MUSIC COMPANY, Inc., Appellee.**

No. 17259.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 12, 1971.

Rehearing Denied Dec. 17, 1971.

Simon & Simon, Harold D. Hammett and W. Weir Wilson, Fort Worth, for appellant.

Crumley, Murphy & Shrull, and W. Bernard Whitney, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

At one time the plaintiff, Haltom City State Bank, was in the position of Lessor to the defendant, King Music Company, Inc., and we will refer to the parties in the character of such legal relation.

Lessee vacated the subject premises, and, on the theory that Lessee should be held as legally bound for the remainder of a five-year lease period beginning March 15, 1966, or for approximately the last four years of such period, Lessor brought suit for damages flowing from Lessee's breach of contract.

On summary judgment proceedings the trial court granted the Lessee a judgment acquitting it of any contractual liability to pay rent after its occupancy ceased. Lessor appealed.

Affirmed.

The sole question in the case is whether Lessee, by continuing possession of leased premises after March 15, 1966 and paying rental for the subsequent period in which it was in occupancy, is to be held to have exercised an option to renew a written lease theretofore in effect for an additional five-year period. The trial court concluded that Lessee did not exercise such an option. We agree.

Lessee desired a month to month lease. Lessor was unwilling to make the premises available on such terms. Finally the parties agreed. Since there is no charge of any fraud in its inducement, their agreement was as evidenced in the written language of the lease under which Lessee took the

premises. Such lease was. for the four month period, November 15, 1965 to March 15, 1966, at a fixed rate of $900.00 per month, first and last monthly rental payable in advance, upon conditions and covenants—in part—reading as follows:

".  .  .

"11th. It is agreed and understood that any holding over by the Lessee of the hereby leased premises after the expiration of this lease shall operate and be construed as a tenancy from month to month at a rental of _____ *no holding over without exercising option of item 13 of this lease.* (Emphasis denotes language typed-in, with other language that of the printed form.)

".  .  .

"13th. *It is understood and agreed that Lessee shall have the option to execute lease at the termination of this lease for a five year period at $900.00 per month under the same terms and conditions as this lease."* (Emphasis denotes language typed-in.)

It is the contention of Lessor that there was, by construction, a mandatory exercise of the five-year option for which provision was made under condition and covenant No. 13, i. e. that by "holding over" after March 15, 1966 the Lessee was bound, without execution of any new instrument of lease, for the period of five years subsequent to March 15, 1966.

We disagree. There is a material distinction to be made between (a) an agreement that a lessee has no right to continued possession of leased premises after the expiration of the original lease period without having made, as in renewal an additional five-year lease—and (b) an agreement that if a lessee "holds over" after the expiration of the original lease period he will have, in consequence, bound himself to an additional five-year lease.

In the first of the hypothesized agreements there would be a negative and inhibitive provision relative to any right to "hold over", an agreement that if there should be a continuation of possession it could be under no claim of right ordinarily implied under the general rule of lease law. (In the instant case the Lessor was vested with the right to oust Lessee in view of the language typed-in on the lease form at any time after March 15, 1966. Of course, under the parties' contract the Lessee could defeat ouster by tendering the five-year lease contemplated by the contract.) By the second of the hypothesized agreements there would be an affirmative agreement, which, supported by consideration, would merge into the new binding covenant.

The second of the hypothesized agreements presents an example where the facts would require a holding like unto that in the case of Haynie v. Stovall, 212 S.W. 792 (Beaumont Civ.App., 1919, writ dismissed.). There Stovall, et al., having made consideration for the promissory obligation of Haynie, et al., were in position to ask for a specific performance thereof by the latter parties, to wit: the execution of a lease prescribed to be made by the parties' antecedent written contract. Furthermore, perforce the maxim which provides that equity regards and treats that as done which in good conscience ought to be done, the court additionally held that the actual execution of the lease would be treated as having been accomplished whether any formal execution be made or not made.

In the instant case, by No. 13 condition and covenant the Lessee obtained a right. Lessor obtained no right. We are thus relegated to No. 11 to determine if Lessor could thereby have obtained the right to impose upon Lessee a five-year obligation. When No. 11 is examined it appears that the only right of Lessor therein prescribed would be that in elimination of any month to month "hold over" right which Lessee would have had but for the language typed-in on the form.

In Corpier v. Lawson, 356 S.W.2d 361 (Waco Civ.App., 1962, no writ history)

the late Justice Wilson discussed the "hold over" rights appertaining in leases. The general rule is that a lessee's continued occupancy and monthly payment of rent in accordance with the terms of the lease contract after the expiration of the primary term constitutes an election by him to exercise his option where the contract requires no formal notice. Such implication or presumption is qualified. It arises only in the absence of an express or implied agreement to the contrary. Where there is an agreement to the contrary the rule is without application. The agreement takes the place of the presumption as to the parties' obligation in consequence of such holding over that the law otherwise raises. Where there is agreement as to what the nature of the tenancy should be after the expiration of the term of the lease the agreement will govern, and a periodic tenancy will not arise. Because of the principles of law above stated, discussed in the opinion of the Waco Court of Civil Appeals, its judgment was one which reversed and rendered the trial court's judgment. Lawson, the appellee, who had moved off Corpier's premises before expiration of the period for which he had agreed to be bound if he "held over", was held bound to pay rental for the annual period for which provision had been made in the lease in the event he remained in occupancy after the initial lease term.

In the case before us there was a "hold over" after the original lease term and also an agreement relative to the rights of the parties under such eventuality. By the agreement was provided the Lessee's right to obtain from Lessor a subsequent five-year lease and that Lessee would have no right to remain in possession unless it elected to obtain such additional or new lease. By implication Lessor would have a right against Lessee in the event Lessee failed to exercise its option right. That implication was: since by force of express provision Lessee should have no "hold over" right, thus destroying any implication or presumption of any entitlement on the part of Lessee to remain in possession for any period after the end of the term of the lease, Lessee's possession after expiration of the lease term (absent affirmative exercise of its right to option) would be "on sufferance" only.

Lessor would have no greater right by implication. Specifically, it would not have the right to force Lessee to execute an additional five-year lease or to obtain aid of the court in imposing upon Lessee the liabilities and obligations which would have been effected if Lessee had opted to execute it.

Judgment is affirmed.