Terry W. PRATT et al., Appellants,

v.

DALLAS COUNTY et al., Appellees.

No. 5532.

Court of Civil Appeals of Texas,
Waco.

Dec. 30, 1975.

Rehearing Denied Jan. 29, 1976.

Herndon, Girand & Dooley, Dallas, for appellants.

Henry Wade, Dist. Atty. and John B. Tolle, Asst. Dist. Atty., Dallas, for appellees.

HALL, Justice.

The facts were stipulated and are without dispute. By written contract, the appellants leased office space to the appellees for a term of one year, beginning November 1, 1973, at a rental of $500 per month in advance. Critical to this lawsuit, paragraphs 19 and 25 of the lease agreement provide as follows:

19. HOLDING OVER. Should tenant, or any of its successors in interest, hold over the demised premises, or any part thereof, after the expiration of the term of this Lease, unless otherwise agreed in writing, such holding over shall constitute and be construed as tenancy from month to month only, at a monthly rental equal to the rent paid for the last month of the term of this Lease.

25. RENEWAL OPTION. Provided that at the end of the primary term of this Lease Tenant not be in default of any term, condition or covenant contained in this Lease, Tenant (but not any assignee or subtenant) shall have the right and option to renew this Lease, by written notice delivered to Landlord with copy to Principal Realtor no later than 180 days prior to the expiration date of the primary term, for the additional term of one (1) year with an additional one year option (making a total of three years) under the same terms, conditions, and covenants contained herein, except: The rent shall be increased by 5% on each additional renewal period.

A. Tenant shall have no further renewal options unless expressly granted by Landlord in writing.

The appellees remained in possession of the leased premises from November 1, 1973, through October 31, 1974, fully discharging its obligations under the lease. No written

notice was given to the appellants that the appellees intended to exercise the option to renew the lease as provided by the terms of paragraph 25 of the agreement. However, the appellees continued in possession of the premises after October 31, 1974. Upon notice from the appellants sometime during the second week in November, 1974, that there was a 5% increase in the monthly rent beginning with the November payment, the appellees increased their rental payment from $500 to $525 per month, paying this amount for the months of November and December, 1974. On January 6, 1975, the appellees abandoned the premises, and refused to pay further rent demanded by the appellants. This suit followed. Following a trial without a jury upon stipulated facts, judgment was rendered that the appellants take nothing. We affirm.

First, the appellants assert that as a matter of law the appellees exercised the option to renew the lease by remaining in possession beyond the primary term and paying the increased rental provided in the renewal clause, arguing that the written notice provision is for the benefit of the landlord and therefore waivable by the appellants.

It is the general rule that the lessee's continued occupancy and monthly payment of rent in accordance with the terms of a lease contract after the expiration of the primary term constitutes an election to exercise his option to renew and is sufficient notice to the lessor, where the contract does not call for formal notice to renew. 36 Tex.Jur.2d 93, Landlord and Tenant, § 246. Moreover, where formal notice is required, it is for the sole benefit of the lessor and may be waived by him. *Pruett Jewelers, Inc. v. J. Weingarten, Inc.*, 426 S.W.2d 902, 905 (Tex.Civ.App.—Tyler, 1968, writ ref., n. r. e.). Necessarily, however, the implication or presumption arising in the holdover doctrine relied on by the appellants arises only in the absence of an express or implied agreement to the contrary. "Such an agreement takes the place of the presumption as to holding over that the law otherwise raises. Consequent-

ly, 'the parties to a lease may therein expressly provide for holding over, and what the nature of the tenancy shall be after the expiration of the term, and such an agreement will govern, and a periodic tenancy will not arise.'" *Corpier v. Lawson*, 356 S.W.2d 361, 362 (Tex.Civ.App.—Waco, 1962, no writ hist.); *Haltom City State Bank v. King Music Company*, 474 S.W.2d 9, 11 (Tex.Civ.App.—Fort Worth, 1971, writ ref., n. r. e.). The payment by the appellees of the increased rental rate called for in the renewal clause, at the appellants' instance, does not prevent the application of this rule as a matter of law.

The appellants' remaining complaint questioning the factual sufficiency of the evidence is also without merit and is overruled.

The judgment is affirmed.