# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 9, 2003 Session

## FRANK M. FLY v. SIMPLE PLEASURES, INC., ET AL.

### Appeal from the Circuit Court for Rutherford County
### No. 45687    J.S. Daniel, Judge

_____

### No. M2002-01385-COA-R3-CV - Filed February 18, 2003

_____

Landlord appeals an Order granting summary judgment to Tenant on the effect of a holdover tenancy after the expiration of the term of the lease.  We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Frank M. Fly and Aaron S. Guin, Murfreesboro, Tennessee, for the appellant, Frank M. Fly.

E. Evan Cope, Murfreesboro, Tennessee, for the appellees, Simple Pleasures, Inc., Tina Woodruf and Gary Viane.

## OPINION

The sole question presented by this appeal is whether or not the "United States" rule applies to a holdover tenancy when an option to renew is not affirmatively exercised.

On September 9, 1998, Frank M. Fly ("Landlord") and Simple Pleasures, Inc., Tina Woodruf and Gary Viane ("Tenants") executed a Lease providing, in pertinent part:

3.     Premises:  301 N. SPRING STREET, MURFREESBORO, TN

4.     Rent:     $2,500         per month for the first 12 months, after which tenant will have the option to renew for 24 additional months at $2,800 per month.

5.     Term:  12 months beginning October 1, 1998 and ending September 30, 1999, with tenant having the option to renew for 24 additional months thereafter.

. . . .

23. <u>Termination</u>: The terms of this lease remain binding on the parties so long as Tenant occupies the premises, unless this lease is replaced by a new lease. After the expiration of the lease term specified above, including any renewals thereof, this lease may be terminated by either party giving <u>written</u> notice of intent to vacate premises to the other party, at least one full calendar month in advance, and said notice must be given on or before the 1st day of the month.

24. <u>Attorney's Fees and Costs</u>: Tenant agrees to pay an attorney's fee in the amount of one-third of the total amount due to Landlord for unpaid rent and damages to the premises, and all other damages accrued plus court costs should it become necessary for Landlord to file suit against Tenant for eviction or the collection of back rent and/or damages. The parties agree that venue to enforce this contract shall be in Rutherford County, Tennessee.

Before the expiration of the initial term, the parties, on September 23, 1999, executed a hand-written Addendum on the third page of the original lease, providing: "Lease re-newed for 12 months at $2,500 per month."

No further action was taken by either party at any time to further exercise the option to renew beyond the 12 months period provided in the Addendum to the Lease, to in any way renew the Lease, or to execute a new Lease. After the expiration, on September 30, 2000, of the 12 months renewal of the Lease agreed to in the Addendum, the Tenants simply held over, paying a monthly rental of $2,500. On May 1, 2001, Tenants notified Landlord of their intent to vacate the premises at 301 North Spring Street on June 15, 2001.

On November 2, 2001, Landlord brought suit against Tenants asserting breach of contract and seeking rental payments for July, August, and September of 2001 at a rate of $2,500 per month, together with attorney's fees and interest. Tenants answered asserting that the provisions of section 23 of the Lease provided for a month-to-month tenancy after the expiration of the renewal on September 30, 2000. On cross-motions for summary judgment, the trial court denied the Motion of Landlord and granted the Motion of Tenants. Landlord timely appealed.

In the absence of a provision such as that set forth in section 23 of the Lease in issue, the "United States" rule undoubtedly would apply:

This state has followed what is known as the United States rule, under which the tenant holding over is held strictly, at the election of the landlord, to liability to another like term. Our early cases to this effect are approved in *Wilson v. Alexander*, 115 Tenn. 131, 88 S.W. 935, citing *Brinkely v. Walcott*, 10 Heisk. 22; *Hammond v. Dean*, 8 Baxt. 193; *Noel v. McCrory*, 7 Cod. 623, and others.

*Lewis v. Bringhurst Reid Co.*, 290 S.W. 972, at 972 (Tenn. 1927).  This apparently universal rule is simply stated:

> In the absence of a statute, or an agreement of the parties, providing that a holding over by a tenant is not to be evidence of an agreement for a further lease, it is a general rule that where a tenant for a year or other definite term holds over after the term and the landlord elects, as he may do, to hold the tenant for another term, the tenant is bound thereby, the law implying agreement on his part.  There is, however, some disagreement as to whether and when the new tenancy is for a year or other definite term or is one from year to year, month to month, or other periodic tenancy, and there is also disagreement as to when a tenancy at will arises, rather than one for a definite term or a periodic tenancy.
>
> The implication or presumption arising from the "strict holdover doctrine" is qualified, however; it arises only in the absence of an express or implied agreement to the contrary.

49 Am.Jur.2d *Landlord & Tenant* § 366 (1995).

*Lewis v. Bringhurst Reid Co.* was a case in which no "express or implied agreement to the contrary" was involved.  The court applied the "United States" rule but noticed in passing the "agreement to the contrary" exception as stated in Corpus Juris.  "Notice by the tenant to the landlord that he does not intend to hold for another term will not protect him, in the absence of any assent by or any agreement with the landlord if the tenant remains in possession."  *Lewis*, 290 S.W. at 973.

The controlling provision of the lease in issue is:

23.    Termination:  The terms of this lease remain binding on the parties so long as Tenant occupies the premises, unless this lease is replaced by a new lease.  After the expiration of the lease term specified above, including any renewals thereof, this lease may be terminated by either party giving written notice of intent to vacate premises to the other party, at least one full calendar month in advance, and said notice must be given on or before the lst day of the month.

The original term of the Lease was for 12 months at $2,500 per month.  The option to renew the Lease allowed for 24 additional months at $2,800 per month.  This option was never exercised by Tenants.  Prior to the expiration of the original term, the parties, by the Addendum, agreed to a 12 month extension after the original term, not at $2,800 per month, but at the original rental of $2,500 per month.  No affirmative action was taken by anyone to extend the Lease beyond September 30, 2000.  Tenants did not exercise their option to renew but, simply, continued to holdover paying $2,500 per month.  They had no option to renew the Lease at $2,500 per month.  Section 23 clearly applies in this case, and the written notice given to Landlord on May 1, 2001 that Tenants intended to vacate the premises on June 15, 2001, coupled with payment of $2,500 rent for

the entire month of June 2001, effected a termination of the tenancy under the Lease by the plain provisions of section 23.

A case strikingly similar to the case at bar was before the Court of Civil Appeals of Texas in *Corpier v. Lawson*, 356 S.W.2d 361 (Tex. Ct. App. 1962). In that case, the lease was dated March 7, 1957 for a term beginning April 1, 1957 and ending March 31, 1958 and was enacted at a fixed annual rental payable at $75 per month in advance. The tenant continued to make the $75 per month payments after the March 31, 1958 expiration date, and then, in September 1960, he vacated the premises. He had notified the landlord by letter in June of 1960 that September would be his last month of occupancy. The trial court granted a directed verdict for the landlord applying the "United States" rule and requiring the lessee to make rental payments through March 31, 1961. The Tenant appealed, and the Court of Civil Appeals reversed, holding:

> The lease contained a printed provision: "It is agreed and understood that any holding over by the lessee of the hereby leased premises after the expiration of this lease shall operate and be construed as a tenancy from month to month at a rental of $_____." The numeral "75" was typed in the terminal blank.
> . . . .
> Appellee relies on the general rule that lessee's continued occupancy and "monthly payment of rent in accordance with the terms of the contract after the expiration of the primary term" constituted an election to exercise his option and was sufficient notice to the lessor, since the contract required no formal notice. *Willeke v. Bailey*, 144 Tex. 157, 189 S.W.2d 477, 481. . . .
> The implication or presumption arising from the "strict holdover doctrine" relied on, however, is qualified. It arises only "in the absence of an express or implied agreement to the contrary". *Willeke v. Bailey*, above; *Jones v. Winter*, Tex.Civ.App. 215 S.W.2d 654, 656, writ ref. n. r. e.; *Hunger v. Toubin Bros. Inc.*, Tex.Civ.App., 164 S.W.2d 765, 66 writ dism.; *Nortex Foods v. Burnett*, Tex.Civ.App., 278 S.W.2d 485, 487; *Hill and Redman, Landlord and Tenant* (10th ed.) Sec. 15, p. 28; 32 Am.Jur. Sec. 940, p. 793; 51 C.J.S. Landlord and Tenant § 73, p. 622.
> "Necessarily, rules as to holdover tenancies have no application where there is a contrary mutual understanding as to the tenant's continued occupancy of the premises. Such an agreement takes the place of the presumption as to holding over that the law otherwise raises." Consequently, "the parties to a lease may therein expressly provide for a holding over, and what the nature of the tenancy shall be after the expiration of the term, and such an agreement will govern, and a periodic tenancy will not arise." 32 Am.Jur. Sec. 936, p. 790. *See also I Tiffany, Real Property* (3rd Ed.) Sec. 177; *III Thompson, Real Property* (1959) Sec. 1119; *Bennett, Landlord and Tenant*, Sec. 103; *I Amer. Law Real Prop.*, Secs. 3.26-3.33.

*Corpier*, 356 S.W.2d at 362.

-4-

The "United States" rule does not apply here because the character of the holdover tenancy is established by section 23 of the Lease and is a month to month tenancy terminable on proper notice. The judgment of the trial court is in all respects affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the cause are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE